NEW-YORK,
May, 1814.

JACKSON
v.
VEEDER.

———

JACKSON, *ex dem.* HAMMOND, *against* VEEDER.

THIS was an action of ejectment. *Johannes S. Veeder,* being seised in fee of the premises in question, by his last will, dated the 15th *July,* 1746, devised the same to his two sons, *Myndert* and *Simon Veeder,* as tenants in common, and died seised. *Myndert,* the son, being seised in fee of an undivided moiety of the premises in question and of other real estate, by his last will, dated the 7th *July,* 1754, devised his real estate to his wife, *Elizabeth,* during her life or widowhood; and out of the rents and profits of which she was to maintain and bring up his children, until they came of age or were married; with remainder over, after the death or remarriage of the wife, to the testator's six sons, *Johannes, Volkert, Simon, Abraham, Myndert* and *Jacob,* as tenants in common, in fee. The testator, *Myndert,* by a *codicil* to his said will, on the 19th *September,* 1759, devised the farm then in his possession, and the house, homestead, &c. wherein he

V., by his last will, devised his real estate to E. his wife, during her life or widowhood, with remainder to his six sons, by name, as tenants in common, in fee, and by a *codicil* to his will devised a certain farm "to such of his said sons, and his heirs and assigns forever, as shall agree and live best with their mother, which was to be signified in writing under her hand and seal signed in the presence

of two credible witnesses, with a proviso that the same should serve as part of the portion of such son as his wife should allot the same to, and that his other sons should receive so much land in lieu thereof."

E., the widow, by an instrument, purporting to be her last will, under hand and seal, executed in the presence of three credible witnesses, by virtue of the codicil in the will of her husband, " devised the farm, &c. to V., S and A. three of the sons of V., their heirs and assigns forever, and in case either of them should die without lawful issue, then to the survivors or survivor of them, binding them, in every other respect, as they were bound by the last will of their father ' This was held to be a good execution of the power to E. contained in the codicil of the will of V.

*Powers* in a court of law, as well as in a court of equity, are to be construed equitably, so as to carry the general intention of the power into effect.

dwelt, at *Norman's* kill, of which the premises in question were a part, *unto such of his said sons and his heirs and assigns forever, as shall agree and live best with their mother, which was to be signified by an instrument in writing under her hand and seal, signed in the presence of two credible witnesses, with a proviso that the same should serve as part of the portion of such son as his wife should allot the same to, and that his other sons should receive so much land in lieu thereof.* The devisor afterwards died seised of the said farm, &c. and of other real estate.

*Elizabeth,* the widow, by an instrument, purporting to be her last will and testament, duly signed, sealed and published, in the presence of three credible witnesses, directed as follows: " I give and bequeath, by virtue of the codicil annexed to the last will and testament of *Myndert Veeder,* deceased, dated the 19th *September,* 1759, unto *Volkert, Simon,* and *Abraham Veeder,* (three of the sons named in the last will of *Myndert Veeder,*) the farm now in my possession, with the houses, &c. and homestead, where I now live in, at the *Norman's* kill, to them, their heirs and assigns forever; and in case either of them should die without lawful issue, then to the survivors or survivor of them, binding them in every other respect, as they were bound by the last will and testament of their father, *Myndert Veeder.*"

*S. I. Veeder,* one of the devisees of *Johannes Veeder,* and *Volkert* and *Abraham,* two of the sons and devisees of *Myndert Veeder,* with others, conveyed eleven acres and one quarter, part of the said farm so devised, including the premises in question, to *S. M. Veeder,* under whom the lessor of the plaintiff claimed. The defendant, *Jacob Veeder,* now in possession, claimed to hold an undivided part of the premises.

The case was submitted to the court without argument.

The question stated for the consideration of the court was, whether the devise by *Elizabeth Veeder* to *Volkert, Simon,* and *Abraham Veeder* was a good execution of the power contained in the codicil to the will of *Myndert Veeder?*

THOMPSON, Ch. J. delivered the opinion of the court. The question in this case is, whether there was a due execution by *Elizabeth Veeder* of the power given her by the codicil to the will of *Myndert Veeder.* By the codicil the testator devised a

certain farm, of which the premises in question are a part, to such of his said sons, and his heirs forever, as shall agree and live best with their mother, which was to be signified by an instrument in writing, under the hand and seal of his wife, signed in the presence of two credible witnesses. And he further provides, that the same should serve as a part of the portion of such son as his wife should allot the same to, and that his other sons should receive so much land in lieu thereof. His widow, by an instrument in writing, purporting to be her last will and testament, duly signed, sealed and published in the presence of three credible witnesses, devised and directed as follows: " I give and bequeath, by virtue of the codicil annexed to the last will and testament, of *Myndert Veeder*, deceased, bearing date the 19th of *September*, 1759, unto *Volkert, Simon*, and *Abraham Veeder*, the farm, &c. binding them, in every other respect, as they were before bound by the last will and testament of their father, *Myndert Veeder*."

NEW-YORK, May, 1814.

JACKSON v. VEEDER.

There can be no doubt that the instrument by which the power was attempted to be executed, comported with the directions of the power. It was an instrument in writing, under her hand and seal, and signed in the presence of two credible witnesses, and was intended by her as an execution of the power, being made with express reference to it.

The point upon which the doubt arises, if any exists, is, whether the designation should not have been to one only of the sons, and not to three. The general rule of law is, that the execution of a power must be according to the substantial intention and purpose of the party creating the power; not restraining or lessening it by a narrow and rigid construction; nor by a loose and extended interpretation, dispensing with the substance of what was meant to be performed. (*Doug.* 280. 3 *East's Rep.* 441.) Powers are to be construed equitably in a court of law as well as in a court of equity. (3 *Burr.* 1446.) And the general intention must be carried into effect, though it may defeat a particular intent. (4 *Term Rep.* 87.) Testing the power given in the will before us by these rules of construction, it is evident that the general intention of the testator was to place the farm, of which the premises in question are a part, at the disposal of his wife, to enable her to live comfortably, and command the care and attention of some of

✳ *In 4 T. R. 87 'no question as to the construction of a power was ——, (or could —— have been from the case; raised*

her sons; for it was devised to such of his sons as should agree and live best with their mother, of which she was to be the judge. If this was the general intent, and she supposed the object best answered by the designation of three, it was within the general object of the power, although the testator might have intended the designation of one only. It would then fall within the rule that the *particular* must yield to the *general* intention. The provision was intended for the benefit of the wife, and not for the son whom she should designate, for it was to go as a part of his portion; and his other sons were to receive other lands in lieu thereof. No possible injury could, therefore, accrue to the other sons, whether the designation was to one or more. It is, however, by no means certain that the testator intended the designation to one only of his sons. The grammatical construction will not altogether bear out this interpretation, though it best comports with the probable intention of the testator. This would, however, be too narrow and rigid a construction, to carry into effect the real and substantial object of the power.

The plaintiff is entitled to judgment.

Judgment for the plaintiff.