## Shoofstall *versus* Powell.

1. If a devise be made to one in fee, and " if he die without issue," then over to another in fee, the estate of the first taker is in tail.

2. A reservation in a deed to the grantor, in case the grantee should " die intestate," sustains the implication of a power to devise.

ERROR to the Court of Common Pleas of *Crawford county.*

This was an action of ejectment, brought to recover eighty acres of land, in the township of Fairfield, Crawford County. The plaintiff, Shoofstall, derived title through one Rachel Mason, by a devise of the premises to him by will, dated May 18, 1842. The title of said Rachel Mason was, by deed, from Isaac Powell, with *habendum* and *tenendum*, as follows :

" To have and to hold the same, to the proper use, benefit and behoof of her, the said Rachel Mason, during her natural life ; and also for the use and benefit of her husband, George Mason,

[Shoofstall *v*. Powell.]

during his natural life; and should the said Rachel have any heirs of her body, then, and in that case, the said heirs shall inherit the same, in fee simple, forever, after the lifetime of their said father and mother. And in case the said Rachel will have no heirs, or dying intestate, then, and in that case, the above described piece or part of the whole tract hereby intended to be granted, together with all the appurtenances thereunto belonging, after the lifetime of her, the said Rachel, and her husband, George Mason, shall revert back to the said Isaac Powell, his heirs and assigns forever, as fully and completely as if this indenture had not been written."

The defendant, Thomas F. Powell, claimed as heir of Isaac Powell.

The question for the determination of the court was, whether the words "or dying intestate," gave, by implication to Rachel Mason, (after the decease of her husband,) a power to devise the land. This question arose upon a special verdict.

The court, CHURCH, J., decided the question in the negative, and entered judgment for the defendant on the case stated, which is the error here assigned.

*Thompson* and *Pettis*, for plaintiff in error, referred to *Jordan* v. *Jordan*, 9 S. & R. 268; 4 Cruise, Dig. tit. Deed, cap. 15, secs. 4, 7, 8, 10, 11; Sugden on Powers, 24, 25, 116; 4 Kent's Com. tit. Powers; *Snope* v. *Turten*, 2 Roll. Ab. 162; Cro. Jac. 156; 2 Keb. 809; 1 Ib. 134; 3 Ch. Cases, 83, 119; 1 Leo. 147; *Fitzgerald* v. *Fouconberge*, Fitz. 207; 4 Sug. 282; Com. Dig., tit. Power, A. 2, *et sup;* 2 Roll. 261; Cun. L. Dic. tit. Power; *Reade* v. *Nash*, 1 Leo. 147; *Downes* v. *Temperon*, cited 4 Russell, Ch. R. 334; *Boyd* v. *Bigham*, 4 Barr, 102; *Lord Glenorchy* v. *Bosville*, Cases, Ch. Lord Talbot's time; Sugden, 72, secs. 26 to 37 inclusive; 4 Kent, 324; *Hawkins* v. *Kemp*, 4 East, 410; *Doe* v. *Thornly*, 10 East, 438; *Com.* v. *William's Ex'rs*, 13 State R. 29; Act of 22d April, 1846, sec. 9.

*Derickson* and *Finney*, for defendant in error, referred to *Lytle* v. *Lytle*, 10 Watts, 259; *Reid* v. *Shergold*, 19 Ves. 379; *Jackson* v. *Robins*, 16 Johns. 587; *Powell* v. *Shoofstall*, 1845, (not reported;) 2 Greenleaf's Cruise, 300; tit. Deed, cap. xx, secs. 7, 8; Sug. on Powers, 124; 4 Kent, 319; *Goodtitle* v. *Gibbs*, 12 Eng. Com. L. Reps. 361, 362; 3 Greenleaf's Cruise, sec. 12; 1 Leo. 148; 7 Com. Dig. 7; 3 B. Monroe, 1259.

The opinion of the court was delivered October 11, 1852, by

LEWIS, J.—The deed of Isaac Powell, after granting an estate to Rachel Mason and "the heirs of her body," contained a clause by which it was provided that if "the said Rachel will have no

[Williams et uxor *v.* Coward et uxor.]

heirs, or dying *intestate*," the land shall revert to the grantor. She died without heirs of her body, but devised the land to the plaintiff in error; and the question is, whether the words "dying intestate" gave her the power by implication to devise the land. No formal set of words is requisite to create or reserve a power. It may be created by deed or will, and it is sufficient that the intention be clearly declared. The creation, execution, and destruction of powers all depend on the substantial intention of the parties, and they are construed equitably and liberally in furtherance of that intention. Doug. 293; 3 East, 441; 11 Johns. 169; 4 Kent, 318. In the case of a will, it seems now to be a settled rule of property, in relation to land, that if a devise be made to one in fee, and "if he die without issue," or "for want of issue," or "without leaving issue," then over to another in fee, the estate of the first taker is in tail. 9 W. 450; 7 W. & S. 98; 5 Barr, 463. In these cases the estate tail is created solely by the implication arising from the words "dying without issue." The direction given to the estate in case of a "failure of issue" sustains the implication that the issue shall inherit as heirs in tail. In like manner the reservation to the grantor in case the grantee should "*die intestate,*" sustains the implication of a power to devise. The word "or," to effectuate the intention, must be construed to mean "and," and in this case the clear construction of the reservation is that it was to take effect only upon the grantee's "dying intestate and without issue." As she did not die intestate, to permit the grantor to recover would be contrary to the plain terms of his own deed. The judgment on the special verdict ought, therefore, to have been entered in favor of the plaintiff below.

This view of the case renders it scarcely necessary to add that the decision of the court on the question of evidence was correct.

Judgment reversed, and judgment ordered to be entered on the verdict in favor of the plaintiff in error.