EMMA H. McGRATH *et al.* Plaintiffs, *against* EMMA VAN STAVOREN *et al..* Defendants.

### [SPECIAL TERM.]

(Decided January 29th, 1880.)

A testator left land to his two sisters to hold for their mutual use and benefit, the net rents to be equally divided between them, the management to be in the hands of one named executrix, and on their decease, if they should not marry and leave issue, to go to the testator's nephews and nieces and their issue : *held*, that this provision did not suspend the power of alienation beyond two lives in being at the death of the testator, and was a valid limitation.

The testator further provided, that if both or either of the sisters should marry and leave issue, that then one-half of the land should go to such issue ; but if neither should marry, or marrying leave no issue, the survivor should pay expenses and collect rents, and invest the deceased's part of the net rents, which should be divided, after the death of the survivor of the sisters, among the testator's nephews and nieces, or their issue. And it was further provided, that such surviving sister should have power to name the executor or executrix to sell the property, and carry into effect such division : *held*, that the part of this provision directing accumulation was void ; that it did not however invalidate the other parts, and that the rent so directed to be accumulated went, as it accrued, to the nephews and nieces as the persons presumptively entitled to the next eventual estate.

*Held*, also, that the remaining provision, that the surviving sister was to have the management of the property and to collect the rents and pay the expenses until her death, with power to name the executor or executrix to sell, did not create an express trust as it was not one of those authorized by the statute, but that the intention of the testator in this respect could, under other provisions of the statute, be carried out and executed as a power in trust.

*Held*, also, that if the nephews and nieces, upon the death of the first sister, took a legal estate in one-half of the same extent as their beneficial interest, they took it charged with the execution of such power in trust.

ACTION brought to obtain construction of a will, and tried at special term.

The facts appear by the opinion.

*Lewis J. Morrison*, for plaintiffs.

*A. J. Underhill*, for defendants Van Stavoren and Kelly.

*John Hallock Drake*, for defendant Haines.

CHARLES P. DALY, Chief Justice.—By the seventh clause of the will the testator provided that his two sisters were to hold the houses and lots therein specified for their mutual use and benefit, the rents to be equally divided between them every quarter, after deducting taxes, repairs, &c., the administration and management to belong to one of them, Emma Van Stavoren, whom he made his executrix, and on their decease, if they should not marry and leave issue, the property was to go to nephews and nieces or their issue. This was a valid limitation, as it did not suspend the power of alienation beyond two lives in being at the death of the testator. He further provided, that if both or either one should marry and leave issue, that then the one-half part of the property should go to such issue—that is, the one-half part to such issue of each—but if neither should marry, or if married and not leaving issue, the survivor of the sisters was to have the management of the property until her decease, with a direction that she should, after deducting the expenses of collecting, repairs, taxes, &c., invest the deceased's parts of the rents, which should be divided amongst his nephews and nieces or their issue after the death of the survivor; and it was further provided, that the survivor should have power to name the executor or executrix to sell the property, and carry into effect this item in the will.

The direction for accumulation was void, not being a case in which a direction in a will for accumulation is allowed by statute; but the invalidity of this provision does not affect the other provision in this clause, which may be valid. The rule upon that subject is succinctly stated by Chancellor Walworth, in *Haxton* v. *Corse* (2 Barb. Ch. 519), to be "that when a will contains different trusts, some of which are valid and others void or unauthorized by law; or where

there are distinct and independent provisions as to different portions of the testator's property; or where different estates or interests in the same portion of the property are created, some of which provisions, estates or interests created by the will are valid and others invalid, the valid trusts, provisions, estates or interests created by the will of the testator will be preserved, unless the valid and the invalid are so dependent upon each other that they cannot be separated without defeating the general intent of the testator," a rule deduced by the chancellor from prior decisions in this State, and confirmed by subsequent cases (*Williams* v. *Williams*, 8 N. Y. 539; *Kilpatrick* v. *Johnson*, 15 Id. 322; *Oxley* v. *Lane*, 35 Id. 349, 350; *Lang* v. *Ropke*, 5 Sandf. 363; *Robinson* v. *Robinson*, 5 Lans. 167, 168).

One of the sisters, Cornelia Van Stavoren, died on the 11th day of February, 1876, leaving no issue. By the provision of the will, as I have said, they were to hold the property for their mutual use and benefit, and at their decease, if they should not marry and leave issue, it was to go to the nephews and nieces or their issue. It was not provided that any portion of the property was to go to the nephews and nieces upon the death of one of the sisters without issue, but it was to go after the decease of both, unless one or both should marry and leave issue, in which event the whole or one-half would have a different direction.

The provision for the accumulation of income of the one-half after the payment of the expenses of collection, repairs, taxes, &c., being void, it may be treated as if no such provision exsisted in the will (*Williams* v. *Williams*, 8 N. Y. 538); and that being the case, and assuming that there was a valid limitation until the death of the survivor, the statute provides for the disposition of the income in such a case as follows : " When, in consequence of valid limitation of an expectant estate, there shall be a suspense of the power of alienation, or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively en-

titled to the next eventual estate " (1 R. S. p. 726, sec. 46 ;
p. 773, sec. 2), which in this case are the nephews and nieces
of the testator or their issue, who, as I understand, since the
death of Cornelia Van Stavoren, have received them from
the executrix, the surviving sister.

The view of the counsel for the defendants is, that the
clause creates an express trust, with an illegal provision for
accumulation, which trust can be sustained and the provi-
sion for accumulation declared void, whilst the plaintiffs'
counsel's argument is that the management of the property
by the survivor is given, so far as respects the deceased sis-
ter's one-half, for the purpose of the accumulation ; and the
accumulation being void, that the whole scheme of the trust
fails, and the nephews and nieces take a legal estate in the
deceased sister's one-half.

Neither of these views can, in my judgment, be sustained.
When the direction for accumulation is rejected as void,
what remains is the provision that the surviving sister is to
have the management of the property until her decease, with
power to name the executor or executrix to sell it and carry
into effect the testator's will. This does not create an ex-
press trust, as it is not one of the express trusts authorized
by section 55 of the statute of uses and trusts. The cases
on which the defendant relies, where the provision for accu-
mulation was rejected and the trust sustained, were cases of
an express trust within the statute, or where that question
did not arise. In *Lang* v. *Ropke* (5 Sandf. 365), the executors
were to apply the rents and profits for the maintenance and
support of the testator's children until the youngest child
should arrive at age, which was an express trust on a valid
limitation. *Kilpatrick* v. *Johnson* (15 N. Y. 323) was a trust
to apply so much of the income as might be necessary for
the support of two of the daughters during life. *Haxton* v.
*Corse* (2 Barb. Ch. 506) contained a like trust for the support
of children. In *Oxley* v. *Lane* (35 N. Y. 524), the accumu-
lation being void and the limitation also, the children took
a devise in fee. *Williams* v. *Williams* (8 N. Y. 352), was a be-
quest of what became personal property to a corporation

which took absolutely, the provision for accumulation being void ; and in *Robinson* v. *Robinson* (5 Lans. 165) the bequest was of personal property, to take effect upon the death of the executrix ; and it was held that although the provision for accumulation was void it did not invalidate the gift of the principal ; that there was a valid trust in respect to the income during the minority of the children, which terminated at the expiration of the minority, when the subsequent income was to be paid to them.

But it does not follow because this provision was not one creating an express trust within the statute it cannot be carried out. The intention of the testator is very plain. It was, that on the death of one of his sisters, without issue, the survivor was to have the management of the whole property until her decease, with power to name an executor " to sell, and carry into effect this item." In the event of her dying without issue, or even with issue, the property might be sold and divided as the testator intended.

My construction of the will is, that the two sisters were to have the property as tenants in common during their lives, unless one of them married and had issue, when the one-half of it was to go to her issue ; that if one died, leaving no issue, it was to continue in the survivor during her life ; and that thereupon a void direction was given that the income of the deceased sister's one-half was to be accumulated during the life of the survivor, and on her death that the amount so accumulated was to go to the nieces and nephews ; and, finally, that if she died also without issue, the whole was to go to the nephews and nieces.

But if, after rejecting the void direction for accumulation, this was not a valid limitation of an expectant estate until the death of the survivor, and the nephews and nieces, on the death of the sister, took, under sections 47, 48 and 49 of the statute of uses and trusts, a legal estate of the same quality and duration and subject to the same conditions as their beneficial interest, the intent of the testator may nevertheless be carried out and executed as a power in trust under the 58th section of the statute, which provides that where an

express trust is created for a purpose not authorized by statute, but which directs or authorizes the performance of any act which may be lawfully performed under a power, it shall be valid as a power in trust; and by the statute on powers, section 74, a power is an authority to do some act in relation to lands or the creation of estates therein or charges thereon, which the owner granting or reserving such power might himself lawfully perform. The management of the property which is given to the surviving sister, and which she had under the will during the life of the deceased, is obviously the renting of it and the collecting of the rents, the keeping of it in repair, the payment of taxes, assessments, and such other charges as may be lawfully imposed upon it; and the income of which, after the payment of these necessary expenses, he intended, should accumulate. All of this the testator might have done in his lifetime, or authorized another to do; and it is, therefore, in the words of the statute, an act in relation to the land which he might lawfully perform, and which he could direct to be done in relation to it after his death and within the limited period of the survivor's life, except the direction to accumulate, which was void. But the only effect of this void provision is, that instead of being accumulated, the income is to be paid over by the survivor as it accrued to those for whose benefit the accumulation was intended, as was held in *Lang* v. *Ropke* (5 Sandf. 363, 371, 375). The 94th section of the statute on powers declares that a general power is in trust when any persons or class of persons other than the grantee of the power is designated as entitled to the proceeds, or any portion of the proceeds, or any other benefits to result from the alienation of the lands, according to the power. The testator has designated in his nieces and nephews the persons or class of persons who were to be entitled to the proceeds to result from the alienation of the property. There was an alienation by him of the property by devise, an express intent that the two sisters were to take it for their mutual benefit; that in the failure of issue of either it was not to go to the nieces and nephews until the death of the survivor, as well as the pro-

vision that the survivor was to have the management of it until her decease ; the whole clearly denoting what was his intention. All this can be carried out by a power in trust. "As the old statute of uses," says Comstock, J., in *Down-ing* v. *Marshall* (23 N. Y. 380), "which was intended to abolish passive trusts, left the widest field for the creation of active trusts, so our revision in abrogating all active trusts, except the few particularly specified, has reanimated them under the name of powers, which are left without restriction, provided the purpose of the limitation or power be in itself a legal one ; " which was also the construction put upon these statutory regulations by Duer, J., in *Lang* v. *Ropke* (5 Sandf. 374, 375), who was not only a learned judge in the law of real property, but one of the revisors, and the one who had the largest share in framing these very enactments ; and it was held in *Blanchard* v. *Blanchard* (4 Hun, 287), which was affirmed by Court of Appeals (70 N. Y. 615), that a devise by the testator to his wife and two of his children of the use of a farm, the use of the farm to be under the exclusive control and management of his wife, created in respect to the wife a valid power in trust, and that the legal estate passed as devised to his children and grandchildren, subject to the execution of the power. "Any words," said Gilbert, J., in that case, "which clearly indicate any intention to give a power are sufficient for that purpose, and it may be created to do any act which the grantor himself might lawfully perform."

This provision, therefore, as I have said, can be carried out as a power in trust, the surviving sister, who is the executrix, paying over, after deducting the expenses, the income of the one-half to the nieces and nephews, as she has done. If a legal estate in the one-half of the property passed to the nieces and nephews on the death of the sister, Cornelia Van Stavoren, they took it charged with the execution of this power (*Downing* v. *Marshall, supra*, 381, 391).

It is very clear from this clause that the testator intended that the property should be sold on the death of the surviving sister to carry out the intent of his will by the division

of the proceeds amongst the nieces and nephews. The plaintiff claims that the provision is merely a power to create a power, as it declares that the surviving sister shall have " power to name the executor or executrix to sell the property to carry into effect this item," and that there is nothing in the statute giving the right to do so. Whatever may have been the peculiar nature of powers under the statute of uses which gave rise to them and impressed them with a character that did not bring them necessarily under the general principles that govern in the relation of principal and agent, under the Revised Statutes a power is declared to be simply as before stated—an authority to do some act in relation to the land which the grantor might have lawfully done. As he might have sold the property during his life, he may provide by his will for the sale of it after his decease. In this case he has done so, for the " power must be construed equitably," so that the intention, when it is apparent as it is in this case, may be carried into effect (Dorland v. Dorland, 2 Barb. 79–80 ; Marton v. Marton, 8 Id. 21 ; Hammond v. Veeder, 11 Johns. 171 ; 4 Kent's Coms. 319). And if he could not lawfully provide that the surviving sister should name the executor to sell it, which I by no means concede (Hawley v. James; 5 Paige, 407), the only effect is that he failed to designate by whom the power was to be executed, in which case, under sec. 101 of the statutes on powers, the execution of it devolves on a Court of Equity, which is all now that is necessary to say, for the question may never arise, as the surviving sister may not name an executor to sell, in which case the power can be executed by the court. If she does, and the plaintiff thinks she had no right under the will to do so, he may then test that question in the courts. On the remaining point, I am of opinion that plaintiff has a right to bring an action to obtain a construction of this clause of the will, the construction of which requires a careful examination of the statutory provisions and the cases decided under them.