EDWIN CLARK and DAVID B. O. FORD, Administrators, with the will annexed, of the estate of Nathan Ford, deceased, and as owners of certain portions of the estate of said deceased, Appellants, *v.* CHILSON FORD, late Administrator of said estate, Respondent.

The petitioners applied to the surrogate for an order to compel their predecessor, as administrator, to account for the funds received by him, and to pay the same over to them. They applied in their character as successors of the late administrator, and, also, as having claims against the estate as legatees. *Held*, that as in the former relation, they could not bring an action for a distribution of the estate, the proceeding should be treated as instituted in their character as legatees only.

But, *held, further*, that, as the late administrator was appointed in 1842, and this petition was not presented until 1860, the action was barred by the statute of limitations.

APPEAL from the judgment of the General Term, fourth district, reversing an order of the surrogate of St. Lawrence county.

Nathan Ford died in 1829, leaving a will of real and personal estate, which was duly proved before the surrogate of St. Lawrence county, and letters testamentary were granted to the executors therein named, all of whom died on or before April 2, 1842, and letters of administration, with the will annexed, were issued to Chilson Ford, the respondent. He was superseded as such administrator on the 13th of July, 1850, and Edwin Clark and David B. O. Ford, the appellants, were appointed in his place.

On the 16th of June, 1860, the appellants presented their petition to the surrogate of St. Lawrence county, setting forth the above facts, and also stating that there never had been a general accounting of Chilson Ford, as such administrator; that large sums of money came into his hands which belong to the residuary legatees of said Nathan Ford, or their assignees or representatives, and that the appellant, Edwin Clark, is the owner by assignment of five-twentieths of the estate, and that the appellant, David B. O. Ford, is the owner, as one of the residuary legatees, of one-tenth of

the estate, and as assignee, of one-twentieth. The petition is made by the appellants as such administrators, and in their own right as such assignees and residuary legatees, and prays "that said Chilson Ford may account for all of the property and effects of said estate that came to his possession, and may pay over the same.

Chilson Ford answered that he ought not to be required to account because the time limited by law within which he might have been required to account, as such administrator, had elapsed long before the commencement of these proceedings, and that none of the claims of the petitioners against him, as such administrator, had accrued within the time limited by law for the commencement of proceedings to enforce the same, but were barred by the statute of limitations.

The surrogate overruled this answer, and ordered him to render a final account. The Supreme Court on appeal reversed this order.

SCRUGHAM, J. In proceedings instituted by the successor of an administrator to compel an accounting by his predecessor, the surrogate cannot make any decree for the payment or distribution of such part of the estate as may remain to be paid or distributed; but he may do so when the proceedings are taken upon the application of a person having a demand against the estate either as creditor, legatee or next of kin. (2 R. S. 95, § 71.)

The prayer of the petition to the surrogate was not merely for an accounting, but also that the respondent should be required to pay over to the petitioners the property and effects of the estate.

The petitioners applied in two characters, as successors of the administrator and as persons having demands against the estate as legatees. There is no provision in the statute for such joint application, and the character of the proceeding instituted by the petition must be determined by the nature of the relief sought by it. If it had been merely for an accounting, it could be properly regarded as a proceeding by the successors of an administrator to compel their prede-

cessor to account, but as it sought, besides, a decree of the surrogate which could not be made upon such proceeding, but which might be proper upon an accounting compelled by persons having a demand against the estate as legatees, it should be treated only as a proceeding instituted by the appellants in that character.

The respondent was appointed administrator, with the will annexed, on the death of the last executor, in 1842, was superseded on the 13th of July, 1850, and the appellants did not present their petition until the 16th of June, 1860.

An action at law is given by statute to legatees entitled to share in the distribution of an estate (2 R. S. 114, § 9), and it may be commenced at the expiration of one year from the granting of letters testamentary or of administration. This remedy was barred by the statute of limitations long before these proceedings before the surrogate were commenced. Before the Revised Statutes there was no statutory limitations of the time within which suits might be commenced in the Court of Chancery, and yet it was uniformly held that when the claim was one which could have been enforced by an action at law, the statute of limitation which barred the remedy at law would be applied to the suit in chancery; that the equitable remedy in a case of concurrent jurisdiction is subject to the same limitation as the legal. (*John B. Murray, etc.,* v. *John G. Costar, etc.,* 20 Johns. 576, 610 ; *Kane* v. *Bloodgood,* 7 Johns. Ch. 91.)

The principles upon which this doctrine was established in courts of equity are equally applicable to proceedings in surrogates' courts, and it was accordingly held by the late chancellor in *McCartee* v. *Camel* (1 Barb. Ch. 455) that the surrogate could not entertain proceedings to enforce the payment of a distributive share of an estate, which were not instituted before the expiration of the time within which the distributee might have brought an action under the ninth section of the statute to which reference has been made.

The judgment should be affirmed, with costs.

All the judges concurring,

Judgment affirmed.