MARY ANN ROBISON, Appellant, *v.* JOHN ROBISON, ANDREW T. WINGATE and ROBERT J. WINGATE, Respondents.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

A testator gave real estate to his executors, with directions to turn it into money, accumulate the income, and, after his widow's death, divide the whole among his nephews. The directions for accumulation were, in part, unlawful, as extending beyond the minorities of the nephews.—*Held*, that the accumulations of income received by the executrix, after the nephews' majorities respectively, belonged to them, and that they might call the executrix to account before the surrogate for the accumulations received by her, under 2 Revised Statutes, 220, section 1, subdivisions 3 and 6; Laws 1867, 1925; and obtain payment thereof.

*Held*, further, that the accumulations of income, up to the majorities of the nephews, must remain in the hands of the executrix, as principal until the death of the widow, and were then payable, with the principal, to the nephews, if they should survive. And that the statute of limitations was not available to the executrix against the claim for the accumulations made after the nephews' majorities.

THE testator, John Robison, died on the 24th day of December, 1855. His will was admitted to probate March

25, 1856. The appellant, his widow, was appointed executrix. The validity of the "second" clause of the will was in question upon this appeal. It read as follows:

"*Second.* I hereby order and direct my executrix and executor, hereafter named, to take immediate possession and control of the real and personal property coming to me from the estate of my father, John I. Robison; and, in case any portion of said estate shall be real estate, I hereby authorize and empower them to sell and convey the same, and convert said real estate and personal estate into money, and to invest all such moneys in good bonds or mortgages, or other safe investments, and to keep the same, together with the interest thereon, safely invested during the lifetime of my said wife, Mary Anne; and, upon her death, I order and direct the said property to be divided into two equal parts or portions, one of which parts or portions I give, devise and bequeath unto John Robison and Angus Robison, sons of my brother, William Robison, share and share alike; and, in case either shall die without lawful issue him surviving, the share or portion of the one so dying shall go to the survivor, his heirs and assigns forever; and the other part or portion of said property I give, devise and bequeath unto Andrew T. Wingate and Robert J. Wingate, sons of James Wingate, share and share alike; and, in case either shall die without lawful issue him surviving, the share or portion of the one so dying shall go to the survivor, or his heirs and assigns forever."

At the time of testator's death, John Robison, the youngest of the minor legatees, was seventeen years of age. On the 3d day of May, 1859, the appellant received from the estate of the father of the testator the sum of $1,156.90, which is the fund mentioned in the second clause of the will. The surrogate decided that the second clause of the will was invalid, and that the respondents were entitled to the accumulations of interest thereon since May 3d, 1859, and directed that the appellant account therefor, to the end that payment thereof to the respondents might be enforced. The executrix appealed. The respondents, in their answer, claimed that they were entitled

to the income devised, not only from the date that each of them became of the age of twenty-one years, but from the time that the accumulations of interest were directed to commence by the provisions of the will.

*J. S. Landon*, for the appellant.

*Austin A. Yates*, for the respondents.

Present—MILLER, P. J.; POTTER and PARKER, JJ.

MILLER, P. J. By the last will and testament of John Robison, deceased, provision was made for an accumulation of interest upon certain investments made for the benefit of minors, by virtue of which the executrix received, on account of the fund referred to, accumulations of interest for a number of years. This provision was clearly void by the Revised Statutes, which provides that accumulations of such a character must terminate at the expiration of the minority of the minors for whose benefit it is made. (*Hawley* v. *James*, 5 Pai., 480; *Hull* v. *Hull*, 24 N. Y., 647, 650; 1 R. S., 726, § 37; id., 773, § 2.) The surrogate decreed that the executrix was liable to account to the respondents for the same. They are the legatees named in the will, and the first question to be determined is whether they were entitled to these accumulations. Their claim is based upon the ground that they are "presumptively entitled to the next eventual estate." (See 1 R. S., 726, § 40.) The provision of the will under consideration, I think, shows an intention on the part of the testator to make provision for the respondents, who were his nephews, and had, therefore, strong claims upon his bounty. They were named specifically in the will, and it is evident were intended to be the beneficiaries of this portion of his estate. The devise to the respondents upon the death of the executrix and trustee was a valid one, and the accumulation only was void because in contravention of the statute. They were, therefore, entitled to the whole estate. Wills may be

void in part for some illegality or violation of law, and valid as to the residue. The direction only may be void, while the devise itself may be valid. (*Williams* v. *Williams*, 8 N. Y., 538.) And where there is a void trust for the accumulation of money, it does not invalidate the gift of the principal. (*Kilpatrick* v. *Johnson*, 15 N. Y., 322; *Haxtun* v. *Corse*, 2 Barb. Ch., 508; *Lang* v. *Ropke*, 5 Sandf. S. C., 363, 371.)

The case of *Hull* v. *Hull, supra*, is cited as authority for the doctrine that the accumulations of interest belong to the next of kin; but I think that there is a distinction between the two cases, and it is not apparent in that case what the intention of the testator was, as it is in the case at bar. The question of intention is not discussed in the opinion of the learned judge, and the will does not expressly direct in strong and emphatic terms, as the clause in question, a distribution of the principal and interest.

The authorities settle the question that 1 R. S., 726, § 40, applies to the income arising from personal property, the absolute ownership of which is suspended by force of the statute concerning accumulations of personal property and expectant estates in such property, notwithstanding the doubt expressed in *Phelps* v. *Pond* (23 N. Y., 83).

I think that the surrogate had ample power to compel an accounting of the executrix under the statutes of this State (2 R. S., 220, § 1, subs. 3 and 6; Laws of 1867, p. 1926), provided that the accumulations of interest were received by her as such executrix; and the fact that the respondents rest their claim upon the ground that they are presumptively entitled to the next eventual estate, does not deprive that officer of jurisdiction. It is enough that the appellant acted as executrix and trustee under the will to render her amenable to the jurisdiction of the Surrogate's Court, within the statutes cited. It is said that she did not act in any such capacity. By what authority did she assume to take charge of the fund in question? She had the principal under her control, and, having the principal, was thereby authorized to receive the interest. This authority was clearly valid,

Robison *v.* Robison.

even although the accumulation was void, and the trust, to this extent, invalid. The trust, at least, was valid, to a certain extent, as is apparent, and the payment of money under it, under such circumstances, could not well be invalid. It is difficult to see how any other remedy could be applied so efficiently to compel the accounting as the proceedings before the surrogate.

The statute of limitations has no application to a case of this kind. The executrix acted as a trustee for the respondents. As already shown, the trust was good, in part, if not entirely valid, and all the moneys were received under and by virtue of the trust created. The rule is well settled that no lapse of time is a bar to a direct trust, as between executor and trustee and *cestui que trust.* (*Decouche* v. *Savetier,* 3 Johns. Ch., 190, 216; *Goodrich* v. *Pendleton,* 3 Johns. Ch., 384; *Coster* v. *Murray,* 5 Johns. Ch., 522.)

The case differs from the ordinary proceedings by a legatee for an accounting, as the claim arises under the provisions of a will creating a trust.

It is claimed by the respondents that the surrogate erred in withholding from them the income, rents, profits and increase of the estate during their minority. It is true that this portion of the bequest was valid, but inasmuch as the will provides that it shall remain invested during the life of the executrix, and be divided upon her death, I am inclined to think that it remains in her hands until that period as so much principal. The accumulation terminates at the expiration of the minority, and then all subsequent interest accumulating must be paid over; but what is on hand remains until the termination of the contingency upon which the property is held.

As the questions involved in this case are by no means free from difficulty, I think that, in the exercise of a proper discretion, the costs of both parties on the appeal should be paid out of the fund. The decision of the surrogate must be affirmed.

Decree affirmed.