NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
August, 1877.

## VAN EMBURGH v. ACKERMAN.

*In the matter of the estate of* SUSANNAH ACKERMAN,
*deceased.*

Where the will provided that one-half of the income of the residue of the
estate should be paid to each of the two children of the testatrix during
the life of each respectively, and upon the death of either to his
children (the grandchildren of the testatrix), during the life of her other
child; and upon the death of the latter the real estate was to be sold
and the proceeds were to be divided among all the grandchildren;—

*Held.*   1st. That one of the children having departed from home and after-
ward being presumed to be dead, the accumulations of his portion of the
income of the estate up to the date fixed as that of his death had vested
in him and went to his personal representative as a portion of his
estate.

2d. His children having died before he did, that the accumulations of his
portion after his death went, by the provisions of 1 R. S., 726, § 40, to
those presumptively entitled to the next eventual estate, *i. e.*, to the
living grandchildren of the testatrix and the issue *per stirpes* of those
deceased, and was payable to them at once, without waiting for the
death of the survivor of the testatrix's children.

*It seems* that where the terms of a will prescribe the ultimate disposal of an
estate, the persons "entitled to the next eventual estate" under
1 R. S., 726, § 40, and to take the rents and profits, upon a suspense of
ownership, are those so entitled, according to the terms of the will,
and not those who would next take under the statutes of descent and
distribution.

The words "next eventual estate" in the statute (1 R. S., 726, § 40), relate
to that which is to take effect upon the happening of the event which
leaves the rents and profits undisposed of, and not to that which is
ultimately to take effect.

THE testatrix by her will, after having made some
specific legacies and disposed of certain small sums, by
the 6th paragraph thereof gave the net income of the
residue of her estate as follows: One-half to her son

Jacob for life, payable annually, and on his decease (if her daughter Maria should be living), to the three children of Jacob equally and to their survivors during the life of Maria; and the other half, in like manner, she gave to her said daughter for life, and, after her death, to her children, during the life of Jacob.

By the 9th clause of her will, she directed her executors to sell her real estate, after the decease of Jacob and Maria, and divide the proceeds equally between her seven grandchildren (naming them), children of Jacob and Maria, if living; but if any should be dead, leaving issue, then such issue to take the share of the parent.

Jacob died after his mother, some time in the fall of 1872. His three children died before him intestate, two of them leaving each two children, still living.

Mrs. Van Emburgh (Maria) survived, and it appeared that the income belonging to Jacob while missing from home, and before the time fixed as that when he died, had accumulated, and the income since that period had still further accumulated, and on the settlement of the estate it became necessary to determine the proper distribution of such accumulation, as also the disposition of the current income.

THE SURROGATE.—I am of the opinion that whatever income accumulated during Jacob's life vested in him, belongs to his estate, and must be administered as in case of intestacy, and must be handed over to the representatives of his estate. As to any accumulation after his death, his three children having died first, as the will makes no provision for such a contin-

gency, and no direction to accumulate, it would seem to fall into the residuum to be disposed of under the 9th clause, unless it becomes payable immediately to those presumptively entitled to the next eventual estate, under section 40 of 1 Revised Statutes, 726.

That section provides that where, in consequence of a valid limitation of an expectant estate, there shall be a suspense of the power of alienation, or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate.

The limitation of the estate in this case was upon the lives of Jacob and Maria, and, therefore, valid, and the rents and profits of one-half of the estate since the death of Jacob and his children seem to be undisposed of except by the residuary clause. There is no direction for their accumulation, and the persons who are presumptively entitled to the next eventual estate are the children of Jacob and Maria living and the issue of those deceased. In Manice v. Manice, (43 N. Y., 385), Rapallo, J., says, (after holding in that case that the will provided for an unlawful accumulation, and that those presumptively entitled to the next eventual estate were entitled to the income): "The statute does not say the ultimate, but the next eventual estate; that is, the estate which is to take effect upon the happening of the event which terminates the accumulation. Those who presumptively will be entitled to receive the rents and profits when the period of accumulation ends are entitled to anticipate the

event which is to terminate the accumulation, and to take at once the rents and profits which are undisposed of or unlawfully directed to be accumulated."

In Vail *v*. Vail (4 *Paige*, 317), it was held that where there was an implied trust of accumulation which was void under the statute, the interest and income belonged to the widow and children of the testators as property not legally disposed of by his will.

In Robison *v*. Robison (5 *Lans*., 165), it was held that where the income of an estate was directed to be accumulated beyond the majority of the infants named, it was void after such majority, and the beneficiaries might call the executors to account for it as belonging to them.

There seems to be some uncertainty created by the decisions as to whether the person presumptively entitled is the person presumptively entitled by the statute of descent or distribution, or by the terms of the will. In Vail *v*. Vail (*above*), the court seemed to regard it a presumption under the law of distribution, but in that case no reference is made to the statute in question; while in Manice *v*. Manice (*above*), the presumption seems to be fixed by the terms of the will.

The question may also arise under the section under consideration, what estate is intended by "the next eventual estate." Eventual means final terminating, ultimate, also "happening as a consequence," but the word "next" would seem to point to the latter signification, and such seems to be the interpretation given to it in Manice *v*. Manice (*above*.)   (See also Schettler *v*. Smith, 41 *N. Y.*, 328.)

Upon such consideration as I have been able to give

this case, I am of the opinion, that as there is no valid direction by the will in question for the accumulation of the rents and profits, such rents and profits since the death of Jacob and his children are payable to the children of Jacob and Maria, and the issue of those deceased, and should not be accumulated until the ultimate distribution of the estate under the 9th clause of the will, and that the children living are each entitled to one-fifth of such income, and the children of each deceased child are entitled to one-fifth, to be equally divided among them, both as to the accumulations since the decease of Jacob and the future rents and profits until the decease of Maria.