WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
November, 1877.

HOUSE v. AGATE.

*In the matter of the accounting of* JOSEPH AGATE *and* WASHINGTON AGATE, *executors of* JOHN AGATE, *deceased.*

A petition, in the Surrogate's Court, to compel an executor to pay a legacy, must be filed within the time in which actions of similar character are required to be commenced in the courts of common law or of equity, and no demand is necessary from the date of which the limitation must be reckoned.

The fact that an executor, upon such application, proceeded to a final accounting, where no assets had come to the hands of the executors within six years before a petition was made to the Surrogate, by legatees, to enforce the payment of a distributive share of the estate, and the right thereto had accrued more than twenty years previous, when the petitioner was of full age, and it appeared that he had received property from the estate and had receipted for his distributive share in full, *Held,* not to constitute a waiver of such limitation, and that the petition came too late, although no formal demand and refusal was proved to have been made.

THE testator died in 1855, leaving a will, by which he bequeathed to his daughter, Mary Bridger, $4,500, and all the rest and residue of his estate, real and personal, he devised and bequeathed to his five other children, viz : William, Washington, Joseph, Ann E., and Caroline, share and share alike.

By a codicil he gave and devised to his daughter, Ann E. Agate, the share he had, in his will, given

and devised to his son William, except ten dollars. Neither the will nor codicil contained any power of sale of the real estate.

The inventory, filed in October, 1855, showed assets to the amount of upwards of $26,000.

On the 10th day of June, 1877, Caroline E. House, being the daughter Caroline named in the will, presented an application, in which she set forth, among other things, that letters testamentary on the estate of the deceased were issued on the 26th day of June, 1855; that she was one of the heirs and devisees of the deceased; that she had applied to the acting executor for such portion of the money in his hands as belonged to her, and prayed for a citation requiring the executors to render an account, and pay her the same. On the return-day of that citation, the executors applied for a citation for a final accounting. They subsequently filed a verified account of their proceedings, to which Mrs. House and Ann E. Agate filed objections. Considerable testimony was taken on behalf of the objectors, pending which the counsel for the executors set up the statute of limitations in bar of the claims of the legatees.

J. W. ALEXANDER, *for the executors.*

GEO. W. BLUNT, *for Ambrose J. Agate, a son of Wm. Agate, deceased.*

NILES & MAGINN, *for Mrs. House and Miss Agate.*

THE SURROGATE:—Attached to the account of proceedings, filed by the executors, is a receipt of Caroline E. House, the petitionary legatee in this matter, for $7,143.93, bearing date April 23, 1857, "in full for her share of the division of the estate of John

Agate, made up to this date, expenses deducted;" also two receipts from Ann E. Agate, dated respectively in January and April, 1857, aggregating a like amount, and likewise a receipt from the latter for a house and lot subject to a mortgage of $3,000, "in accordance with the will, in lieu of one share of the estate of John Agate, as declared, to this date," dated April 23d, no year being given; but as it is on the same paper with the receipt of April 23, 1857, and appears to have been given at the same time, I conclude it was given in the same year. There is also annexed to the account a statement as follows:

"April 23, 1857.

"Total receipts of money paid on acct. of the estate of John Agate, deceased, amounting to . . . . $37,883.62

"Total expenses . . . . . 2,163.95

"Caroline E. House . . . . 63.67

"Remaining in the hands of Joseph Agate not sold, April 23d, 1857:

"Indiana canal bonds . . . 2,400.00

"Charles Wood's bond and mortgage, amounting to about . . . 3,200.00

"One house and lot at Sparta, not sold.

"We acknowledge this to be all the real and personal estate remaining in the hands of the executors not divided. "C. E. HOUSE.

"ANN E. AGATE."

The signatures to these papers I do not understand to be disputed, but it is sought to question their binding force as admissions, on the ground that they

were signed by these ladies without a full knowledge of facts. I think, after a silence of twenty years, they cannot now be allowed to question them. (Robison v. Robison, 5 *Lans.*, 168 ; Thomson v. Thomson, 1 *Bradf.*, 24.)

No question seems to arise in regard to the house and lot at Sparta. Testimony has, however, been taken concerning the sale of the Indiana canal bonds, as to the Wood bond and mortgage, and as to the title to the house and lot receipted for by Ann E. Agate and alleged to have belonged to decedent. It plainly appearing to be a disputed question as to the title to that house, which this court had no power to try, and that the executors as such had nothing to do with it, I declined to hear further evidence relating to it.

Mrs. House and Miss Agate, therefore, simply appear here to recover their shares, as legatees, of the canal bonds and the Wood mortgage. The verified account shows that these bonds were worthless, and there is evidence tending to show an arrangement among the persons interested as to the Wood mortgage within a short time after the date of the receipts above recited. However the facts may be in regard to that matter, it is, in my view, of no material consequence. The statute of limitations is invoked by the executors, and may well be regarded here as a "statute of repose,"

The right of the legatees to sue for the whole of their respective legacies, accrued more than twenty years ago, and when, as appears from the record of probate of the will, they were of full age; and a suit before the Surrogate of this character should have

been instituted within the time in which suits of the same character are required to be commenced in the courts of common law or of equity. (McCartee v. Camel, 1 *Barb. Ch.*, 455.)

No trust is created by the will, and this is an ordinary case of assets, and the statute applies. Clark v. Ford, 1 *Abb. Ct. App. Dec.*, 359; Clock v. Chadeàgne, 17 *Supm. Ct.* (10 *Hun.*), 97.

No pretense was made on behalf of these legatees that any assets had been received by the executors within six years prior to the commencement of this proceeding. It was objected on their behalf, however, that the executors could not avail themselves of the statute, because, after being cited to account by Mrs. House, they proceeded under section 60 of 2 R. S., 93, to a final accounting. I apprehend, whether they proceed under section 70, (p. 95), or section 60, the accounting is essentially in all respects the same. (*Dayton's Surr.*, 500.) In either case, they may avail themselves of the statute, or any other defence, as against the claims of legatees, creditors or other persons.

Again, it is insisted that section 410 of the new Code of Civil Procedure applies to this case. The material part of that section, so far as the question presented is concerned, is as follows:

" Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, except in one of the following cases:

" 1. Where the right grows out of the receipt or detention of money or property by an agent, trustee, attorney or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends."

Now, if a demand were necessary to be made by these legatees, it can scarcely be said that they had not actual knowledge of the facts that they were legatees and that more than a year had elapsed when they gave the receipts in 1857. Those were the only facts they needed to know, provided they were bound to make a demand. But no demand was necessary. The statute requires none; neither is it required at common law. Section 45, 2 R. S., 90, provides that the executor shall, after the expiration of one year from the granting of letters testamentary, pay the general legacies, and that such payment may be enforced by the Surrogate in the manner therein indicated. It is a duty imposed upon the executor by the statute, and no demand is required to make the right in the legatee to proceed, complete.

The only one of the objections filed. that seems to me well taken (and that can in no way avail the objectors) is that relating to the non-production of vouchers by the executors. The statute is imperative, that the executors shall produce vouchers. (2 *R. S.*, 92,. § 54.) They may be excused from doing so where vouchers are refused to be given, or where those given have been lost or have been stolen or destroyed and they are unable to pro-

cure others.  On producing and filing such as are
lacking or furnishing a sufficient reason for not doing
so, a decree will be entered based upon the account
rendered.

Costs are awarded to the executor against the con-
testants.

Ordered accordingly.