DELILAH COLE, APPELLANT, v. EZEKIEL TERPENNING, SURVIVING EXECUTOR, ETC., RESPONDENT.

RACHAEL HOTALING, APPELLANT, v. THE SAME.

*Petition to compel an executor to account and pay over a legacy — when the claim for the legacy is barred by the lapse of time — when no trust exists.*

A petition in the Surrogate's Court to compel an executor to pay a legacy must be filed within the time in which actions of a similar character are required to be commenced in courts of common law or equity.

A testator gave to his daughter the sum of $400, to be paid to her when she came of age, or at her marriage if she married sooner, and directed that after the expiration of one year and one day from his death, the legacy should be invested and the interest accumulated until the time when the principal was to be paid over. The will was admitted to probate November 6, 1847. The daughter married January 21, 1847, and came of age January 1, 1849. March 4, 1880, the legatee filed a petition with the surrogate to compel the executor to account and pay over her legacy:

*Held,* that as the direction to accumulate never took effect no trust was created, and that the application was properly denied.

*Robison* v. *Robison* (5 Lans., 165) distinguished.

APPEALS from orders made by the surrogate of Ulster county, denying petitions filed by the plaintiffs, by which they sought to have the defendant compelled to appear and account as surviving executor of Solomon Terpenning, and to procure payment of the legacies due to the petitioners.

The testator, by his will, which was dated July 23, 1840, and to which a codicil had been added October 2, 1845, bequeathed to his " daughter Delilah, the wife of Henry Cole, four hundred dollars, to be paid to her by my two sons John and Ezekiel, share and share alike, one year and one day after my decease. Sixthly. I give and bequeath unto my Rachael four hundred dollars, which money I order to be paid to her when she becomes of lawful age, and if she should be sooner married then the same is to be paid to her soon after her marriage. I order that, one year and one day after decease, the said four hundred dollars be put out at interest on good landed security, and the interest collected yearly and again put out until the principal is to be paid to her, which I order my executors faithfully to attend to for the benefit of the said Rachael, so that she may realize the whole principal and interest at the time of payment. I however order that if the said Rachael should decease before the time of payment to her, then I give and bequeath the said moneys, principal and interest, unto my surviving daughters or their children, if any should have deceased, in proportion, share and share alike."

*Lounsbery & Childs,* for the appellant.

*F. L. & T. B. Westbrook,* for the respondent.

LEARNED, P. J.:

The will of the testator was admitted to probate November 6, 1847, and letters testamentary thereon issued that day to Terpenning, now the surviving executor, and another. The will gave to Delilah Cole $400, to be paid her by the testator's two sons, John and Ezekiel (who were the executors), share and share alike, one year and one day after the testator's decease. The will gave John and Ezekiel severally certain lands on condition that they paid the legacies, etc., and made them residuary legatees, charging them to pay the debts and legacies. Delilah Cole filed a petition October 2, 1879, for an accounting and for the payment of her legacy aforesaid. On the hearing it was admitted, in addition to the above facts, that the testator left a large personal estate sufficient to pay all debts, funeral expenses and legacies; that the executors accepted the trust and entered on their duties as executors; that Delilah Cole, after the expiration of eighteen months since their appointment, had applied for an account and that the executor had refused.

The surrogate denied the prayer of the petition on the ground of the lapse of time (more than thirty years), and Delilah Cole appeals.

In the case of *House* v. *Agate* (3 Redf., 307), it was decided that a petition in the surrogate's court to compel an executor to pay a legacy, must be filed within the time in which actions of a similar character are required to be commenced in courts of common law or of equity.

The same doctrine is laid down in *Clock* v. *Chadeagne* (17 N. Y. Sup. Ct. [10 Hun], 97); in *McCartee* v. *Camel* (1 Barb. Ch., 455); in *Clark* v. *Ford* (1 Abb. Ct. App. Dec., 359), and in *Smith* v. *Remington* (42 Barb., 75).

These repeated decisions of recent date have settled the question, and it is unnecessary to discuss older authorities, or to examine the law of limitations between trustees and *cestuis que trust*, properly so called.

The decree of the surrogate is affirmed, with costs against appellant.

The case of *Hotaling* v. *Terpenning* is similar to the preceding. The difference is that the legacy of $400 given after one year and one day from the decease of the testator to his daughter Rachael (now Rachael Hotaling), was to be paid her when she came of age, or at her marriage if she married sooner, and meantime it was to accumulate. It was, however, absolutely to be paid when she came of age, unless she previously died. She married January 21, 1847, and came of age January 1, 1849. Then, at all events, the legacy, with its accumulations, was to be paid by the executors. The legatee filed her petition for payment March 4, 1880, more than thirty years after the time when the legacy was payable. There was no trust, because she was married before the probate of the will, probably before the testator's death, and certainly before the one year and one day after his decease provided for in the will, and therefore she was entitled to receive the legacy at once without any waiting for accumulation. The case of *Robison* v. *Robison* (5 Lans., 165), therefore does not apply.

The decree should be affirmed, with costs against appellant.

Present — LEARNED, P. J.; BOCKES and BOARDMAN, JJ.

Decree of surrogate affirmed in each case, with costs against appellant.