NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—January, 1884.

FOSTER V. TOWN.

*In the matter of the estate of* ANNA STAGG, *deceased.*

The sole residuary legatee under the will of decedent having asked for an accounting on the part of the survivors of the executors, to whom letters testamentary had been issued shortly after decedent's death in 1861, respondent set up the statute of limitations; contended that petitioner's demand after such a lapse of time was unreasonable; and alleged, generally, that all legacies had been paid, and the whole estate distributed, according to the will. An examination of the record of the will disclosed the creation thereby of several life trusts with gifts over, and a power of sale of realty limited, as to time, only by the executors' discretion; so that, for aught that appeared, petitioner might be surmised not yet to have become entitled to receive all which the will bestowed.—*Held,*

1. That the principle that the statute of limitations begins to run against the claim of a legatee from the time when he acquires a right to demand payment, had no application to the case.

2. That an accounting should be directed, unless, within ten days, respondent filed an amended answer, setting up other facts in support of his defence of the statutory bar.

PETITION by Anna S. Foster, residuary legatee under decedent's will, to compel Charles H. Town, surviving

executor thereof, to account. The facts appear sufficiently in the opinion.

F. B. House, *for petitioner*.

Kissam & Embury, *for executor*.

THE SURROGATE.—This is a proceeding whereby the residuary legatee of decedent seeks to obtain an accounting from the surviving executor. Anna Stagg died in 1861, and soon afterward letters testamentary were issued to this respondent as executor, and to Caroline S. Stagg as executrix. The latter died in 1876. The responding executor has interposed an answer claiming that the petitioner is barred by the statute of limitations from enforcing the claim which she here sets up, and that, even if it be otherwise, the demand for an accounting after the lapse of so many years is unreasonable, and that the Surrogate ought, in his discretion, to discountenance it. The answer also declares that "all the legacies which were payable under the provisions of the will have been paid, and the whole estate distributed to those entitled thereto according to said will." It contains no definite statement as to what legacies have been paid, nor as to how the estate has been distributed.

Upon examining the record of the will, I find that the testatrix created several trusts, whereof she made her executor and executrix trustees, directing that the income of those trusts, respectively, should be applied to the use of a specified person, and that, upon the death of such person, the principal should be paid to another. Some of these provisions are in favor of the

petitioner. By one of them, she is made sole residuary legatee. By the sixteenth clause of the will, the executors are "authorized, directed and fully empowered, whenever they may think it most advantageous and prudent so to do, to sell all or any part of my real estate at public or private sale, upon such terms as they may deem proper." It does not appear whether or not this power has been exercised. Upon the disclosures of the petition, the answer and the will itself, I cannot find that the petitioner's claim is barred by the statute of limitations.

The cases cited by the respondent's counsel simply hold that, when the time has arrived that a legatee has a right to demand the payment of his legacy, the statute of limitations begins to run, and that, after the period of limitation has expired, the legatee can no longer enforce his claim for the legacy or for an accounting (see McCartee v. Camel, *1 Barb. Ch., 455;* Clock v. Chadeagne, *10 Hun, 97;* Clarke v. Ford, *1 Abb. Ct. App. Dec., 359;* Loder v. Hatfield, *71 N. Y., 102;* Warren v. Paff, *4 Bradf., 260*).

In the present case, for aught that appears, the petitioner may not yet have become entitled to all that is given her under the will.

I must, therefore, direct an accounting, unless within ten days the respondent files an amended answer setting up other facts in support of the claim that he is within the protection of the statute of limitations.

Ordered accordingly.