KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.— July, 1884.

COLLINS *v.* WAYDELL.

*In the matter of the estate of* JOHN COLLINS, *deceased.*

Letters testamentary under decedent's will were issued in April, 1861, and the executors, in July of that year, filed an inventory of the estate; but their account was never judicially settled. M., a legatee, attained majority in February, 1879, and applied in April, 1884, under Code Civ. Pro., § 2723, for an order compelling the executors to file an account. The latter pleaded the statute of limitations (Code Civ. Pro., § 2723, subd. 4; id., § 396, subd. 1, and clause *ad. fin.*).—*Held,*

1. That, the object of the proceeding being manifestly to ascertain the petitioner's share in testator's estate, the same was subject to the limitation of an action for a legacy.
2. That, by Code Civ. Pro., § 1819, the statute commencing to run against such a cause of action only when the executor's account was judicially settled, petitioner's remedy was not barred.
3. That petitioner's delay in instituting the special proceeding was not such laches as would justify a dismissal.

APPLICATION to compel John H. Waydell and Andrew G. Collins, the executors of decedent's will, to file an intermediate account. The facts appear sufficiently in the opinion.

MAN & PARSONS, *for petitioner.*

N. B. HOXIE, *for executors.*

THE SURROGATE.— This is an application on behalf of Margaret J. Collins, one of the legatees and devisees under the will of John Collins, deceased, for an order requiring the executors of said will to render an account of their proceedings, under § 2723 of the Code of Civil Procedure.

John Collins died February 16th, 1861; letters testamentary under his will were issued April 1st, 1861; and the inventory was filed July 8th, following. Margaret Collins was born February 22nd, 1858.

The executors answer that the right to this proceeding accrued to the petitioner at the expiration of eighteen months after the issuing of letters testamentary, viz.: October 1st, 1862; and that, by §§ 388 and 396 of the Code, she was barred from commencing it at the time when she filed the petition in the proceeding.

The executors thus claim that the disability of the petitioner ceased February 22nd, 1879, the day she became of age; and that, by the final clause of § 396 of the Code, she was limited to one year after the disability ceased, in which to bring her action.

I think, however, that she is not barred by the statute of limitations. In the case of House v. Agate (3 *Redf.*, 307), it was held that a petition in the Surrogate's court must be filed within the time in which actions of a similar character are required to be commenced in courts of common law or equity. The same doctrine was maintained in Cole v. Terpenning (25 *Hun*, 482), and other cases therein cited. In Cole v. Terpenning, the petition for an accounting was denied upon the ground that it was barred by the

statute of limitations, but it will be observed that § 1819 of the Code was not in force at the time the petition was filed.

That section provides : " If after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses upon demand to pay a legacy, or distributive share, the person entitled thereto may maintain such an action against him, as the case requires.   But for the purpose of computing the time within such an action must be commenced, the cause of action is deemed to accrue, when the executor's or administrator's account is judicially settled, and not before."

There is no doubt that this is a proceeding to ascertain the distributive share of the petitioner in the testator's estate.

I am, therefore, of the opinion that the last clause of § 1819 of the Code, which fixes the time when the right to an action is deemed to have accrued, namely, when the account of the executor or administrator is judicially settled (that not having been done in this case) disposes of the question of the statute of limitations.

As to the question of *laches*, I think the time which has elapsed since the disability of the petitioner ceased, is not sufficient for me to refuse to grant the prayer of the petition.

An order may be entered requiring the executors to account.