IN THE MATTER OF THE ESTATE OF CATHARINE LATZ, DECEASED.

*Surrogate's Court — right of an administrator to compel the executor of his predecessor to account — Code of Civil Procedure, sec. 2606 — Right of the legislature to give a new remedy after the existing one is barred by the statute of limitations.*

February 6, 1873, Catharine Latz died intestate, and on February thirteenth letters of administration were issued upon her estate to John Latz, under which John Latz drew from a bank the sum of $1,050.51, which was all the personal property she left. He never accounted to the surrogate and died on May 18, 1880, leaving a will, letters testamentary upon which were issued to his widow on August 26, 1880. On September 22, 1880, the petitioner in this proceeding was appointed administrator *de bonis non* of Catharine Latz. On December 14, 1881, he filed a petition with the surrogate to compel the executrix of John Latz to judicially settle the account of her husband as administrator of Catharine Latz. The application was denied on the ground that it was barred by the statute of limitations.

*Held,* that this was error; that the right to compel such an accounting was conferred upon the petitioner by section 2606 of the Code of Civil Procedure, and did not exist prior to the passage of that act.

That even if the right of the next of kin to compel an accounting and to recover the unadministered assets of the estate of Catharine Latz had been barred by the statute of limitations, the right of the petitioner to compel this accounting would not be lost.

APPEAL from an order of the Surrogate's Court of Erie county, dismissing the petition of Martin Clark, as administrator *de bonis non* of Catharine Latz, deceased.

*Martin Clark*, petitioner in person.

*Adelbert Moot*, for the respondent.

BRADLEY, J.:

On the 14th day of December, 1881, Martin Clark, the appellant, filed with the surrogate of Erie county his petition by which it appeared that Catharine Latz died intestate on 6th February, 1873; that letters of administration were issued to John Latz and his inventory filed on the thirteenth of that month, which represented that all the personal estate of his intestate consisted of $1,050.51 in bank; that John Latz, as such administrator, immediately drew that money from the bank, and did nothing further as administrator; that he never rendered any account; that on 18th May,

1880, John Latz died leaving a will by which he nominated Catharine Latz, then his wife, executrix, which was admitted to probate and letters testamentary issued to her on 26th day of August, 1880, and she duly qualified; and that the appellant on 22d September, 1880, was appointed administrator *de bonis non* of Catharine Latz, deceased, took out letters of administration and duly qualified. The prayer of the petition is for a judicial settlement of the account of John Latz as such administrator, and that Catharine Latz as such executrix be cited to show cause why she should not render and settle such account and deliver over to the petitioner any of such property which had come to her possession or was under her control.

The answer of Catharine admitted the facts of death and proceedings before the surrogate, denied the other allegations of the petition upon information and belief, and alleged that more than six years having elapsed since the claim of Catharine Latz, deceased, or her representatives accrued, it is barred by the statute of limitations.

The matter came on to hearing and without proof and upon the facts stated in the petition it was dismissed, upon the ground that the six years statute of limitation was a bar. This proceeding was instituted under section 2606 of the Code of Civil Procedure. It is not deemed necessary to inquire whether before the Code of Civil Procedure the statute (2 R. S., 95, § 68) was applicable to the case of a successor to a deceased administrator, or whether there was any statute authorizing the representative of the latter to be cited to account by such successor before the surrogate. There was no statute which required such representative to deliver the trust property over to such successor. (2 R. S., 95, § 71; *Annett* v. *Kerr*, 2 Rob., 556, 569; S. C., 28 How., 324; *Gerould* v. *Wilson*, 81 N. Y., 580.) But as the representative of the next of kin he had an interest in seeing that his predecessor's account was correctly rendered, and for that purpose and for discovery it is supposable he could file a bill in equity (*Wiggin* v. *Swett*, 6 Met., 194; S. C., 39 Am. Dec., 716, 719), although it has been held that at common law the accounting in his action could not extend beyond, but was confined to the unadministered portion of the estate, inasmuch as there was no privity between the deceased and the succeeding administrator, and as the latter had no right except such as related to the unad-

ministered portion of the assets of his intestate. (*Am. Board of F. Missions*, 27 Conn., 344; *Beall* v. *New Mexico*, 16 Wall., 535; *Slaughter* v. *Froman*, 5 T. Mon., 19; 17 Am. Dec., 33; *Chamberlain* v. *Bates*, 2 Porter, 550; 27 Am. Dec., 667; *Potts* v. *Smith*, 3 Rawle, 361; 24 Am. Dec., 359.) And that beyond this the remedy was with the next of kin, etc. (*Stubblefield* v. *McRaven*, 5 Sm. & Marsh., 130; 43 Am. Dec., 502.) But that he might by action set aside a fraudulent sale and recover the property so disposed of by the chief administrator. (*Swink's Admrs.* v. *Snodgrass*, 17 Ala., 653; 52 Am. Dec., 190.)

The right of recovery was necessarily confined to the assets remaining unadministered, which might be reached by actions at law and in equity as their nature and situation required.

In the case at bar it does not appear whether or not the money of the appellant's intestate was converted or in any manner appropriated by the deceased administrator. It was by him taken from the bank. If he converted it to any use it would not now be deemed unadministered property, but if he set it apart, and kept it separate from his, and it continued so to the time of his death it would probably go to the appellant. (*Gregory* v *Harrison*, 4 Fla., 56, 66.) In any other view there would not seem within the common-law rule to be any beneficial importance to this petition. The contention on the part of the respondent is that at the time section 2606 of Code Civil Procedure became law, and when this proceeding was instituted, the remedy sought by it was barred by the statute of limitations. If he is right in this the petition was properly dismissed. The weight of authority is to the effect that the right of defense derived from the bar by that statute is in the nature of a vested one, and effectual as against subsequent legislation. (*Ryder* v. *Wilson's Ex'rs*, 41 N. J., L. R., 9; S. C., 8 Reporter, 152; *Girdner* v. *Stephens*, 1 Heisk., 280; 2 Am. R., 700; *Bradford* v. *Shine's Adm'r*, 13 Fla., 393; 7 Am. R., 239; *Yancy* v. *Yancy*, 5 Heisk., 353; 13 Am. R., 5; *Rockport* v. *Walden*, 54 N. H., 167; 20 Am. R., 131; *Shriver* v. *Shriver*, 86 N. Y., 580, 581.)

This question here depends upon the fact that for six years or more there was a remedy at law concurrent with that in view by this proceeding, although this in its nature and form is equitable. Before the Revised Statutes there was no statute of limitation

applicable to suits in Court of Chancery. The rule of limitation was adopted there as matter of practice only, and thus made analogous to that in court of common law in cases where jurisdiction was concurrent. (*Bertine* v. *Varian*, 1 Edw., 343; *Borst* v. *Corey*, 15 N. Y., 509; *Clark* v. *Ford*, 3 Abb. [N. S.], 247.) The Revised Statutes applied the limitation to those cases in chancery which was declaratory of the rule that court had before adopted. (2 R. S., 301, § 49.) And the Code in removing distinction in forms of action has preserved that rule. (*Salisbury* v. *Morss*, 7 Lans., 368; *Drake* v. *Wilkie*, 30 Hun, 537.) More than seven years intervened between the time letters of administration were issued to John Latz and that of his death, and during more than six years of that time an action at law might have been brought against him by the next of kin of his intestate for any share they were entitled to of her estate. (2 R. S., 114, § 9.) It follows that the next of kin were so barred of remedy by the statute of limitations that they could not maintain a proceeding by petition for accounting, etc., at the time of the commencement of this proceeding (*McCartee* v. *Camel*, 1 Barb. Ch., 455; *Smith* v. *Remington*, 42 Barb., 75; *Am. B. Soc.* v. *Hebard*, 51 id., 552; affirmed, 41 N. Y., 619; *Cole* v. *Terpenning*, 25 Hun, 482.) They may yet have remedy on the bond of the administrator. The creditors, if any, were not barred by the statute at the time of the death of the chief administrator (2 R. S., 448, § 8), but their remedy at law went against the executor of his will after she took letters.

This proceeding is an equitable one in form, and in relief sought. The petitioner does not proceed to enforce the payment to him as a creditor or next of kin, but simply to require the representative of his predecessor administrator to account, and to deliver to him what it will appear in such accounting he may be entitled to. This does not come within the case of *Clark* v. *Ford* (1 Abb. Ct. App. Dec., 359; S. C., 3 Keyes, 370 and 34 How., 478; 3 Abb. [N. S.], 245). There the petitioners were legatees, and their proceeding was characterized as one to enforce payment. The statute of limitations takes only the force which its provisions give, and the fact that a remedy existing in behalf of one party may in its result operate indirectly for the benefit of another, whose right of action is barred by the statute, does not necessarily force the application of the stat-

ute so as to bar the former. On the expiration of the requisite time it merely bars the remedy of those who come within it. To that extent it is a statute of repose (*Pratt* v. *Huggins*, 29 Barb., 277) and does not pay the debt or produce presumption of payment. (*Johnson* v. *A. and S. R. R. Co.*, 54 N. Y., 416; 13 Am. R., 607.)

The remedy which the petitioner had when he commenced this proceeding was not concurrent with any right of action in him at law, and therefore was not within the six years' limitation, but would come within that of ten years. And it is difficult to see how the fact that the remedy of the next of kin is barred can affect his for the purpose of the question as presented here. But a remedy by petition like this did not exist until September 1, 1880, when section 2606 of Code of Civil Procedure became operative. The petitioner took from that whatever right he had in that respect, and without the death of the chief administrator or other cessation of his trust that could not produce occasion for such relief by a successor as that prayed for. No reason appears why the legislature could not create a remedy when none before then existed in a case like this. The deceased executor could not, nor did his representative have any vested right in the estate of the testator, merely because there was no remedy to reach it if such were the case.

In *People* v. *Starkweather* (42 N. Y., Supr. Ct. R., 10 J. & S., 326), the court held that the legislature had power to give a remedy by action for a cause that had been barred by an existing statute. There the right of action in the city of New York to recover against one of its officers for moneys appropriated having been barred by the statute of limitations, an act was passed giving right of action to the people of the State to recover against city officers practically for the benefit of the city. And it was held that the right so given was effectual to create a remedy although that of the city was barred. That principle is applicable to this case. The petition on which the appellant's application for appointment was made does not appear in the record. It must be assumed that sufficient reason was given there for his appointment, and that this proceding is justified. We do not consider any questions that may arise on, or the effect of, the accounting or what rights may in any event be derived from it. And express no opinion in that respect. The statute of limitations does not seem to be a bar to the proceed-

ing, nor does any reason now appear for the dismissal of the petition.

The order or decree appealed from should be reversed, and as the question presented is new, neither party should have costs of this appeal against the other.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Order appealed from reversed, without costs to either party.