---

*In re* UNDERHILL'S ESTATE.

. (*Surrogate's Court, Westchester County.* July, 1889.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION OF ACTIONS.
    Matters in avoidance of the statute of limitations need not be stated in a petition for an accounting by an administrator, but, if objection be taken, proof of facts which would prevent the running of the statute must be received.
2. SAME—PAYMENT OF DISTRIBUTIVE SHARE—DEMAND.
    No demand is necessary as the basis of a proceeding to compel the payment of a legacy or distributive share.
3. LIMITATION OF ACTIONS—TRUSTEES.
    Where a trustee becomes administrator, with the will annexed, of the deceased *cestui que trust,* the trust ceases; and, being liable only as administrator, he can avail himself of the statute of limitations.

Petition by Elizabeth R. Guion to compel Philip Underhill to render his accounts as administrator with the will annexed of Isaac Underhill, deceased.

*Alex. Thain,* for petitioner. *Townsend, Dyett & Einstein,* for administrator.

COFFIN, S. The learned counsel have submitted briefs in this matter. On the part of the administrator it is assumed that the case is to be decided on the petition and answer, while on behalf of the petition it is claimed that the court is not in a position to pass upon the question as to the effect of the statute of limitations, for the reason that the petitioner has a right to offer evidence of facts which might avoid that present apparent effect. This latter position is

undoubtedly correct.   The matter in avoidance need not be stated in the petition, but if the objection be taken, proof of infancy, of absence from the state, or of any other fact which would prevent the running of the statute, must be received.   If, however, it is conceded that the case is to be determined upon the facts stated in the petition and answer alone, then the court will proceed at once to a decision.   As the petitioner may wish to offer evidence of the character indicated, he must have the opportunity, and the matter will be held open for that purpose.

COFFIN, S.   At a subsequent day the parties appeared, and the petitioner offered evidence with a view to show that the administrator was—*First*, a trustee of Isaac Underhill in his life-time; and, *second*, that he fraudulently concealed the fact of his having had funds in his hands which belonged to Isaac Underhill at the time of his death; and, *third*, that the petitioner did not obtain knowledge of the facts until within six years.   The evidence tends to show that said Isaac Underhill received, under the will of his wife, who died in 1859, some $8,000 in cash, and about $24,000 in Manhattan Bank stock; that Isaac Underhill died in 1860, and left a will of which Philip R. Underhill became administrator with the will annexed; that Isaac, in his lifetime, conveyed the bank-stock through the president of the bank to Philip R., who held it in his individual name, drew the dividends thereon, and afterwards parted with it; that Philip R. kept a kind of account on paper headed, "Dr., P. R. Underhill, executor, in account with Isaac Underhill, Cr.," running from February 10, 1859, to December 20, 1860, the date of the death of Isaac.   The debit side consists of items of interest and dividends on that bank-stock received, and the credit side of cash "paid him" and items of cash paid for various purposes.   On the same paper, underneath the above, is another similar account, headed, "Dr., P. R. Underhill, administrator," with the credit side in blank as to name.   The debtor side extends, in dates, from January 5, 1861, to October 22, 1866, and contains items for rent received, dividends on the same stocks, money received for wharfage, sloop sold, etc.; and the credit side extends over about the same period, and contains a multitude of items for cash paid for various purposes, chiefly for taxes, insurance, and repairs to the Neptune House and other property.   All of the items appear to have been written on two occasions only.   Philip R. Underhill testified that the account was in his hand-writing, but was unable to recall the fact of having kept it, but said that he frequently made memoranda.   It did not appear whence the paper was procured for production.

. Do any of these facts tend to obviate the objection that the petitioner's claim is barred by the statute of limitations?   Of course, if Philip R. Underhill were a trustee in all these transactions, then the plea of the statute would not avail him.   If he were a trustee for his father, and the proof is insufficient to warrant the finding that he was, then the office terminated at the father's death, and was not such a trust as this court had jurisdiction over.   After that, he was simply administrator with the will annexed, and can be made liable only as such, and may avail himself of the defense of the statute of limitations.   The wisdom of the statute is exemplified in this very case.   The administrator is asked to testify in regard to transactions that occurred between 25 and 30 years ago.   It cannot be expected that the memory of an aged man can extend to or recall occurrences at so distant a period with any degree of reliable accuracy.   Well is it characterized as a statute of repose.   The mother of this petitioner was a sister of the administrator.   She died about 1883.   She had an interest under her father's will, and it was competent for her, in her lifetime, to have called upon the administrator to render his account.   She permitted the matter to run on until she lost, by lapse of time, the right so to do, and her executrix or assignee, the present petitioner, is in no better position.   It must be assumed that Mrs. Guion, the daughter of Isaac and Eliza-

beth R. Underhill, had a knowledge of her mother's will, in which she had a large interest, (*Thorne* v. *Underhill*, 1 Dem. Sur. 306,) and was therefore cognizant of the provision therein for her father.   Under these circumstances, it is not easy to see how the present administrator is obnoxious to the charge of a fraudulent concealment.   The facts were patent to Mrs. Guion, and she could have caused him to render his account.   Not having done so, she is presumed to have been paid, and her legal and personal representatives are equally bound by the force of that presumption.   The provisions of chapter 4 of the Code of Civil Procedure are applicable to this case, (section 414,) in so far as they can properly be made so.   They completely exclude the right of the petitioner to maintain this proceeding.   Her counsel has called attention to section 410, as authorizing her, under the circumstances, to compel an accounting by the administrator, because she had not a knowledge of all the facts until within six years, which entitled her to make a demand; but it has been repeatedly held that no demand is necessary, as the basis of a proceeding to compel the payment of a legacy or distributive share.   *House* v. *Agate*, 3 Redf. Sur. 307; *In re Dunham*, 6 N. Y. Supp. 563.   And the claim by the petitioner's counsel that, because the administrator has never rendered any account as such, the statute of limitations is suspended by section 1819 of the Code, is equally untenable.   The *dictum* on that point in *Drake* v. *Wilkie*, 30 Hun, 537, is disapproved in *Re Van Dyke*, 44 Hun, 394; and the reason in the latter case was followed in *Re Dunham, supra.*   For these reasons the application for an accounting is refused.