In the Matter of the Application of EDMUND VAN DERZEE to Compel MELVILLE E. WYGANT and Others, Executors of JOHN H. VAN CLIEF, Deceased, to File and Judicially Settle an Account of the Proceedings of said VAN CLIEF as General Guardian of said VAN DERZEE.

*Action to compel an accounting by a general guardian — Statute of Limitations.*

An action brought by a ward to compel an accounting by a general guardian is based upon the implied contract of the guardian to pay over the moneys belonging to the ward, and the six years' Statute of Limitations applies to the action.

APPEAL by the petitioner, Edmund Van Derzee, from an order or decree of the Surrogate's Court of the county of Richmond, entered in the office of the clerk of said court on the 14th day of April, 1893, denying the application of the petitioner to compel the executors of John H. Van Clief, deceased, to render and judicially settle the account of said John H. Van Clief as general guardian of the petitioner.

*Herbert F. Andrews*, for Edmund Van Derzee, appellant.

*De Groot, Rawson & Stafford*, for the executors of Van Clief, respondents.

DYKMAN, J.:

This is an appeal from a decree of the surrogate of the county of Richmond, dismissing the application of the appellant to compel the respondents to file an account of the proceedings of their decedent as general guardian of the appellant. The appellant Van Derzee presented a petition to the surrogate of Richmond county, in which he stated, among other things, that he was thirty-four years of age ; that on the 13th day of January, 1864, letters of guardianship were granted by the surrogate of Richmond county to John H. Van Clief in said county, appointing him general guardian of the person and estate of the petitioner.

That John H. Van Clief died on the 22d day of January, 1892, at Port Richmond in said county, without having made any settlement of his accounts as such general guardian of the petitioner ; that Van Clief left a last will and testament which was admitted to probate by the surrogate of Richmond county, and on the 18th day of March, 1892, letters testamentary were granted thereon to Melville E. Wygant, John Croak and Lewis Kloss. Then the petitioner prays that a citation may be issued to such executors requiring them to show cause why they should not, as executors of the last will and testament of Van Clief, render a judicial settlement and account of the proceedings of said Van Clief as general guardian of the petitioner.

The executors answered the petition, denying the allegation in the petition that the guardian Van Clief died without having rendered and settled his accounts as such general guardian, and alleging on the contrary two several accountings by him, one on the 15th day of January, 1869, and the last on the 14th day of June, 1875, in which he fully accounted for all the matters concerning his guardianship. They then stated that the petitioner ought not to maintain this proceeding because more than ten years have elapsed after the petitioner became of full age, and before the death of Van Clief, and because more than twenty-nine years have elapsed since the original appointment of the guardian.

When the matter came before the surrogate he made a decree denying the application of the petitioner, and it is to be gathered from the language of the decree that his decision was based upon the Statute of Limitations, or, in other words, that he decided that the right to the relief was barred by the ten years' statute, inasmuch as more than that time had elapsed since the petitioner became twenty-one years of age. From the date stated in the petition it is to be gathered that Van Derzee became of full age on the 15th day of June, 1879, when he could have maintained the action against Van Clief, as guardian, for the settlement of his accounts or for the money in his hands, if any remained at that time.

That being so, the relation existing between the petitioner and his guardian from that time was that of debtor and creditor, and the six years' Statute of Limitations would apply because such an action would be based upon an implied contract to pay over money belonging to the plaintiff.

Our conclusion is that the surrogate properly applied the Statute of Limitations to the proceeding, and his decree should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Decree of surrogate denying application for accounting affirmed, with costs.