(80 App. Div. 494.)

### LIBBY v. VAN DERZEE et al.

(Supreme Court, Appellate Division, Second Department.  March 26, 1903.)

1. GUARDIAN AND WARD—ACCOUNTING—LIMITATIONS.
    After a ward becomes of age, the relation existing between guardian and ward is that of debtor and creditor, so that the ward's right to sue. for an accounting becomes barred by limitation within six years.

2. SAME—DISCOVERY OF FRAUD.
    Code Civ. Proc. § 382, subd. 5, relative to limitations, and providing that a cause of action is not deemed to have accrued until the discovery of the facts constituting the fraud, etc., has no application to an action by a ward against the executors of his deceased guardian to compel an accounting.

Appeal from Trial Term, Richmond County.

Action by Ella G. Libby against Edmund Van Derzee and others. From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCH-BERG, JENKS, and HOOKER, JJ.

J. J. Bennett, for appellant.
Wm. D. Gaillard, for respondents.

HIRSCHBERG, J.   The plaintiff seeks to recover a money judgment against certain of the defendants, who are the executors of John H. Van Clief, deceased, who was her general guardian.   She has joined as party defendants the children of said deceased and certain other persons, who she says were also wards of the said deceased, but why these children and wards are joined as defendants does not very clearly appear.   The ground of the action is contained in the allegations that the said deceased was duly appointed her guardian on January 13, 1864; that he received the money in question thereafter; that he died on January 22, 1892, without having rendered an account of his proceedings as her guardian; that the defendant executors were appointed as such on March 16, 1892; and that the money has gone into their hands.   The complaint further alleges that the plaintiff has never received any part of the money, and that she only learned the facts stated, including the fact of the receipt of the money by her guardian, but excepting the fact of the death of her guardian, within three months before the commencement of the action.   The action was commenced in April, 1901.   The answers, among other defenses, set up the. statutes of limitation.   Each side asked judgment upon the pleadings at the trial, and the appeal is from the judgment entered upon the granting of the defendants' motion.

The decision in the Matter of Van Derzee by the General Term in this department (73 Hun, 532, 26 N. Y. Supp. 121) is directly in point. The application was there instituted against these executors by one of the defendants to this action, who was a ward of the deceased, to compel an accounting, and it was held that the remedy was barred at the end of six years from the time the ward became of age.   The court said (page 534, 73 Hun, and page 122, 26 N. Y. Supp.):

"The relation existing between the petitioner and his guardian from that time was that of debtor and creditor, and the six-year statute of limitations would apply, because such an action would be based upon an implied contract to pay over money belonging to the plaintiff."

See, also, Buswell's Statute of Limitations and Adverse Possession, p. 474, and cases cited in note.

The case of Matter of Sack, 70 App. Div. 401, 75 N. Y. Supp. 120, was that of an action brought against the guardian in his lifetime, and may be distinguished by that fact from the case at bar.   Here the plaintiff certainly came of age in January, 1885, and could not only have maintained an action against her guardian during the remaining seven years of his lifetime, but could have compelled an accounting by the defendant executors immediately upon their appointment, in March, 1892.   Matter of Wiley, 119 N. Y. 642, 23 N. E. 1054.   The

decision in this department must control the determination of this appeal, unless a different rule of law is to be applied to the claims of the various wards of the deceased.

The learned counsel for the appellant claims that the question of limitations is to be governed by subdivision 5 of section 382 of the Code of Civil Procedure, which provides that the cause of action is not deemed to have accrued until the discovery of the facts constituting the fraud. The action in this case is not to procure a judgment on the ground of fraud, and no fraud is alleged in the complaint. The provision referred to has, therefore, no application. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.