---

(119 App. Div. 507)

### In re LESSER'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   May 10, 1907.)

ADMINISTRATORS—DEATH—ACCOUNTING BY SUCCESSOR—LIMITATIONS.

Where an administrator dies, the right of his successor to compel an accounting by his personal representative, as authorized by Code Civ. Proc. § 2606, is not barred by limitations until after 10 years from the appointment of the new administrator.

Hirschberg, P. J., dissenting.

Appeal from Surrogate's Court, Kings County.

Petition by Peter Lesser, as administrator of the estate of Huldah Lesser, deceased, to compel Edward Lesser, as administrator of the estate of Solomon Lesser, deceased, and the sureties on his bond, to file an account of the proceedings of Solomon Lesser, as former administrator of the estate of Huldah Lesser, deceased. From an order denying such relief, Peter Lesser, as administrator, appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

F. J. Moissen, for appellant.

Jacob Brenner, for respondents.

HOOKER, J. Huldah Lesser died intestate in February, 1895. Letters of administration upon her estate were granted to Solomon Lesser on the 18th of February, 1895. This administrator did not file any inventory in the estate of Huldah Lesser, nor did he ever account as administrator. He died on the 20th day of May, 1905, intestate. and Edward Lesser was, on the 9th day of January, 1906, appointed administrator of his estate. On the 27th day of February, 1906, Peter Lesser, the appellant, was appointed administrator of the estate of Huldah Lesser in the place of Solomon Lesser, deceased. On the 12th day of June, 1906, the appellant, Peter Lesser, presented his petition to the Surrogate's Court, praying that a citation be issued to Edward Lesser, as administrator of the estate of Solomon Lesser, deceased, and to the sureties upon his bond, requiring them to show cause why Edward Lesser, as administrator of the estate of Solomon Lesser, deceased, should not file an account of the proceedings of the latter as administrator of the estate of Huldah Lesser, deceased. Upon that petition a citation was issued, and Edward Lesser, as administrator of the estate of Solomon Lesser, deceased, individually and as administrator, filed his answer, demanding that the proceeding be dismissed, for the reason that it had been commenced more than ten years after letters of administration had been granted to Solomon Lesser upon the estate of Huldah Lesser, deceased.

The learned surrogate took the view that the proceedings were barred by limitation of time, in that, pursuant to the provisions of section 2726 of the Code of Civil Procedure, the surrogate might have compelled a judicial settlement of the account of Solomon Lesser, as administrator, immediately after the expiration of one year from the day letters were granted to him, to wit, the 18th day of February, 1895, and that such a proceeding must be commenced within ten years after the right to such an accounting accrued. Code Civ. Proc. §§ 388, 3333. The appellant's right to compel an accounting by the administrator of the estate of Solomon Lesser had not been barred by the limitation of time at the time his petition was presented, and the order should be reversed. Section 2606 of the Code of Civil Procedure provides:

"Where an * * * administrator * * * dies, the Surrogate's Court has the same jurisdiction, upon the petition of his successor, * * * to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters have been revoked by a surrogate's decree."

It was held in Matter of Rogers, 153 N. Y. 316, 47 N. E. 589, that the right of the successor of a deceased executor to compel an accounting under the provisions of this section is not barred until after the expiration of ten years from the appointment of the new administrator. The reasons for the rule are fully stated in the opinion in that case, and they require that the order appealed from should be reversed.

Order of the Surrogate's Court of Kings county reversed, with costs, and proceedings remitted to the surrogate, to be disposed of in accordance with the opinion. All concur, except HIRSCHBERG, P. J., who dissents.