(89 Misc. Rep. 707)

### In re HIBBARD.

(Surrogate's Court, Kings County.    March, 1915.)

1. FRAUDS, STATUTE OF ⊂⇒2—AGREEMENT IN CONSIDERATION OF MARRIAGE.
    Under the express provisions of Personal Property Law (Consol. Laws, c. 41) § 31, every oral agreement made in consideration of marriage, except mutual promises to marry, is void.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 2; Dec. Dig. ⊂⇒2.]

2. LIMITATION OF ACTIONS ⊂⇒26—ANTENUPTIAL CONTRACT—RIGHT TO ENFORCE.
    The right to enforce a man's agreement, made with a woman in consideration of her promise to marry him, that he would indemnify her for any loss sustained with respect to a devise from her mother in consequence of their marriage, was barred by the six-year statute of limitations (Code Civ. Proc. § 380, and section 382, subd. 1), though there was no contract stipulation as to the time when the reimbursement should be made, where they were married July 12, 1905, and the husband died September 11, 1913, without having fulfilled the agreement or any action having been instituted to enforce it.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 132–135, 166; Dec. Dig. ⊂⇒26.]

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ⬳202—PROBATE COURTS—DIRECTION FOR JUDGMENT—SPECIFIC FINDINGS.

The concise direction for judgment authorized by Code Civ. Proc. § 2541, providing that a surrogate's decision in writing shall direct the decree to be entered, and need not, except for such direction, contain either the facts found or the conclusions of law, should not be used, where concurrent claims or defenses may be possibly supported or defeated in the alternative, or the determination as to a claim is that it is subject only to one or more of several defenses and is not subject to the other; the parties in such case being entitled to specific findings on request.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. ⬳202.]

In the matter of the petition of Mary C. Hibbard, as administratrix of the goods, chattels, and credits which were of William H. Hibbard, deceased, to render and settle her account. Decree according to opinion.

Van Zandt & Webb, of New York City, for claimant.
Henry E. Heistad, of Brooklyn, for objectors.

KETCHAM, S. The administratrix presents upon her accounting a demand based upon the allegation that a contract made between herself and the decedent was broken by the latter during his lifetime.

The evidence justifies the finding that the deceased, in consideration of the accountant's promise to marry him, promised that he would, in the event of a marriage between them, indemnify her for any loss which she might sustain with respect to a devise to her contained in her deceased mother's will. There was no note or memorandum of either of these promises in writing.

Before the time when these promises were exchanged the mother's will had been admitted to probate. In that instrument the testatrix, having three daughters, Mary, the claimant, then unmarried; Carrie unmarried, and Emma, married, devised a certain estate in land to her daughters equally, and with respect thereto provided, among other things, as follows:

"Sixth. In case of the marriage or death of either of my said daughters, Mary L. or Carrie J. Clark, then, and thereupon the share of the daughter so marrying or dying (in the said house and lot '688 A Greene avenue' and contents), as above devised and bequeathed, shall revert to and vest in the survivor of my two said daughters."

The parties to this promise were married on July 12, 1905. The husband died on September 11, 1913, without having done anything which could be regarded as a fulfillment on his part of the arrangement above described.

[1] The claim is resisted upon the grounds: (1) That the alleged promise by the husband was void under the statute of frauds; (2) that in the will quoted supra the provision with respect to the reservation of the claimant's estate in the house and lot devised constituted a condition which was in general an absolute restraint of marriage, that such condition was therefore void, and that, since the claimant's marriage

imposed no loss upon her as to the devise in question, the present demand must fail even if it be based upon a valid contract; and (3) that the claim is barred by the statute of limitations.

"Every agreement, promise or undertaking is void, unless it, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking * * * is made in consideration of marriage, except mutual promises to marry." Personal Property Law, § 31.

In Hunt v. Hunt, 171 N. Y. 396, 64 N. E. 159, 59 L. R. A. 306, it was conceded, and necessarily held, that a compact, which cannot be differentiated from the arrangement apparent in the case at bar, was within the statute. It was further held that the intermarriage of the parties to the contract was not such part performance thereof as to invest a court of equity with the power to decree specific performance. In the case cited, Judge Werner used words which, though directed to another purpose, still contain a definition of the statute in question which the claimant cannot escape. Of that statute he says:

"The most notable feature of the statute above quoted is its simplicity and directness of language. All contracts founded upon consideration of marriage, except mutual promises to marry, shall be void unless the commands of the statute are obeyed. Mutual executory promises to marry are expressly excluded from its operation. All other contracts, founded upon consideration of marriage, are as clearly within its terms. These two diverse provisions of the statute, standing in juxtaposition to each other, so plainly disclose the legislative intent as to render construction unnecessary if not impossible. The letter of the law bears its own interpretation."

Other authority that every oral agreement made in consideration of marriage, except a mutual promise to marry, is void, may be found, if needed, in Matter of Majot, 199 N. Y. 29, 92 N. E. 402, 29 L. R. A. (N. S.) 780; McCartney v. Titsworth, 142 App. Div. 292, 126 N. Y. Supp. 905; Lamb v. Lamb, 18 App. Div. 250, 46 N. Y. Supp. 219.

[2] Again, if there were a valid contract between the claimant and her husband, there is no evidence that the time for its performance was defined by them, and it would be a contract to be performed within a reasonable time after their marriage. Unless such reasonable time could be held to be as much as two years, the contract, if assumed to be good in law, would have been broken, and any cause of action upon its breach would have occurred at a time more than six years before the husband's death. An action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument, must be commenced within six years after the cause of action has accrued. Code Civ. Proc. § 380, and section 382, subd. 1.

If it were necessary to fix a reasonable period for the performance of the contract assumed, it would be adjusted with great liberality to the claimant if it were found to be one year from the time of the marriage. The sections of the Code last cited seem to bar the claim, and it cannot be saved from the limitation thereof through any exception contained in section 382, subd. 5, or section 410. As to section 382, subd. 5, see Carr v. Thompson, 87 N. Y. 160; Libby v. Van Derzee, 80 App. Div. 494, 81 N. Y. Supp. 139; Campbell v. Culver, 56 App.

Div. 591, 67 N. Y. Supp. 469; Exkorn v. Exkorn, 1 App. Div. 124, 37 N. Y. Supp. 68; Oakes v. Howell, 27 How. Prac. 145.

The breach of the husband's contract was complete when the time for performance passed without fulfillment, and demand was not necessary to a cause of action which depended alone upon such breach. Hence section 410 of the Code cannot be applied. Glover v. National Bank of Commerce, 156 App. Div. 247, 141 N. Y. Supp. 409.

[3] In view of the disposition made of the other questions presented, this court will discharge its full duty if it shall formally find that the will of the claimant's mother did not contain an unlawful restraint of marriage. This conclusion would not require any finding of fact, were it not that evidence has been given as to the circumstances and relations of the testatrix, from which it may be argued that a construction of the will in part depends upon a question of fact. If, for the purpose of review, the claimant shall desire a finding of such fact, the same will be made.

This is a case in which the parties may properly ask for specific findings. The provision of the Code that a surrogate's decision in writing shall direct the decree to be entered, and need not, except for such direction, contain either the facts found or the conclusions of law (Code Civ. Proc. § 2541), must commend itself to the plain man who finds pleasure in seeing one word, if sufficient, grow where a thousand grew before, but the concise direction for judgment should not be used where concurrent claims or defenses may be possibly supported or defeated in the alternative, or the determination as to a claim is that it is subject only to one or more of several defenses and is not subject to the others.

Here, if the contract were void under the statute of frauds, there would be no need to consider other defenses; if it were good, the claim thereon might be defeated by the statute of limitations; or, if it were good, and not so defeated, it might fail, for the absence of damages, upon a finding that the wife could not be subject to loss of her estate under her mother's will.

The claim is rejected, and the findings may be so framed that the facts and conclusions indicated in this opinion shall specifically appear.

Decreed accordingly.