In the Matter of the Estate of FRANK FAVILLE DAVIS, Deceased.

Surrogate's Court, New York County, March, 1923.

**Executors and administrators — rights of creditors of deceased to insurance — husband and wife — premiums in excess of $500 per annum — administratrix who is beneficiary cannot be examined under section 263 of Surrogate's Court Act as to insurance.**

Upon the accounting of an administratrix of the estate of her husband she may not be examined under section 263 of the Surrogate's Court Act concerning life insurance money paid to her as beneficiary of policies on the life of her husband.

Such insurance, even though purchased by the husband with premiums in excess of $500, is no part of his estate and although the excess is primarily liable for his debts the rights of creditors under section 52 of the Domestic Relations Law must be enforced by an action to establish the lien, and in such an action the administratrix may be examined.

PROCEEDING to settle administratrix's accounts.

*O'Brien, Boardman, Parker & Fox,* for administratrix.

*C. Ellwood Colahan,* for Marie D. Bergh and other creditors.

FOLEY, S. In this accounting proceeding certain creditors seek to examine the administratrix under section 263 of the Surrogate's Court Act. The accounts filed do not set forth the amount of insurance paid to her, individually, as the beneficiary of insurance on the life of her husband. The creditors desire to ascertain information concerning the proceeds of the policies purchased with annual premiums in excess of $500. Objection is raised by the administratrix to this line of questioning. I am of the opinion that the objection must be sustained. The life insurance paid to the widow, even though purchased by the husband with premiums in excess of $500, is not part of the estate of decedent (*Matter of Thompson,* 184 N. Y. 36), although the excess is primarily liable for his debts. Dom. Rel. Law, § 52. The rights of creditors under the latter section must be enforced by an action to establish the lien. *Matter of Thompson, supra; Kittel* v. *Domeyer,* 175 N. Y. 205; *Guardian Trust Company* v. *Straus,* 139 App. Div. 884; affd., 201 N. Y. 546. The administratrix may be examined in such an action. The provisions of section 263 of the Surrogate's Court Act, however, confine the examination to the "*administration of the estate or fund*" by the accounting representative. It so happens in this case that the widow is the administratrix. If she were not the representative, this court would have no jurisdiction to order her examination concerning funds which do not belong to the estate, or to compel her to pay over the surplus insurance moneys to an administrator or executor. Her position would be similar to any other debtor of an estate, and a recovery against such debtor cannot be enforced by a decree of this court.

Proceed accordingly.

Ordered accordingly.