In the Matter of the Petition of CHARLES DEITZ and GEORGIANNA BOWRON to Render and Settle Their Accounts as Executors of LOUISA M. DEITZ, Deceased.

Surrogate's Court, Kings County, June 25, 1929.

*Holmes & Bernstein*, for the petitioners.

*Louis Charles Wills*, for Louisa M. McClelland, objectant.

*Benjamin F. Doody*, for Henrietta Pine, objectant.

*Isaac Kushner*, for Ella Deitz, administratrix.

*Marcellus H. Evans*, special guardian.

WINGATE, S.   The questions here presented arise upon objections to the petition of Charles Deitz and Georgianna Bowron to render and settle their accounts as executors of Louisa M. Deitz, deceased.

Alonzo E. Deitz died on February 20, 1921, and on March 3, 1921, letters testamentary on his estate were duly issued out of this court to his widow, Louisa M. Deitz, the present testatrix.   She proceeded with the administration of his estate and caused a notice to be published requiring claims against his estate to be presented

on or before September 27, 1921. The claim which is the basis of the present objection was presented by Louisa M. McClelland on September 20, 1921, and was rejected on October 4, 1921. The nature of the claim does not appear from the objections and it is, therefore, inferable that it was an ordinary legal demand.

At this point the rights of the claimant were regulated by section 211 of the Surrogate's Court Act. She might have commenced an action for the enforcement of this claim within three months from the date of the rejection, failing which she was barred from maintaining such action, and retained only the right to have the claim tried and determined upon the judicial settlement of the accounts of the executrix. She did not bring such action.

Louisa M. Deitz, the executrix, died on April 15, 1926, five years, one month and twelve days after the issuance of letters testamentary to her, and four years, six months and eleven days after the rejection of the objector's claim. She had never instituted any proceeding for a voluntary accounting, and no involuntary proceeding had ever been started against her. Letters testamentary upon her estate were issued out of this court on May 11, 1926, to the present petitioners, who have apparently proceeded with the orderly administration of her estate without interference on the part of the present objector. On July 11, 1928, these executors of Louisa M. Deitz filed their final account, together with their petition for its judicial settlement. Citation issued and was personally served upon Louisa M. McClelland, the objector, on July 12, 1928. On July 26, 1928, she duly appeared and objected to the settlement of the accounts of the executors on two grounds, *first*, that the transfer tax upon the estate of Alonzo E. Deitz had not been paid, which objection is without merit, since it is clearly demonstrated that such payment was made; and, *second*, on the ground that no accounting has been had on the estate of Alonzo E. Deitz, and that no administrator with the will annexed had been appointed therefor. She prays that the present proceeding be stayed until the appointment of an administrator with the will annexed upon the estate of Alonzo E. Deitz and the judicial settlement of the account of that estate.

The objector attempts to explain her failure to move for the compulsory judicial settlement of the accounts of her mother, as executrix of Alonzo E. Deitz, during the period of over four and a half years which intervened between the rejection of the claim and her mother's death, by the following statements in the objections: " Due to the age of Louisa M. Deitz, the mother of this Objector and the respect of the Objector for her, no attempt was made to compel said executrix to account, though if her

account had been filed, the Objector would have requested this court to pass upon the claim which she had filed."

She makes no attempt to explain why she did nothing about the matter for over two years and a quarter after her mother's death.

The petitioners contend that the six-year Statute of Limitations governs the question here presented and that its application requires the overruling of this objection. On behalf of the objector it is contended that the ten-year statute is the one applicable, but that even were it held that the six-year limitation governed, still the rights of the objector have not become stale.

In order that the salient points governing the decision of the court may be clearly in mind, it should be noted that this is an objection by an alleged creditor, whose rights are based wholly on a rejected claim and is not an affirmative petition either by a legatee under the prior will or by an administrator *de bonis non* of such underlying estate.

The difficulty experienced by counsel in the present proceeding appears to arise from a failure to distinguish between the various relationships coming before the courts for adjudication in other cases of this general type, and an oversight of the inter-relationship of the various applicable sections of the Surrogate's Court Act.

It is important, in this consideration, to bear in mind at all times that the sole basis of the objector's standing in this court is as an alleged creditor of the estate of Alonzo Deitz.

The application of section 211 of the Surrogate's Court Act has already been noted. Following the rejection of her claim on October 4, 1921, the objector had until January 4, 1922, within which to bring action to enforce this claim, and having failed to avail herself of this remedy, her right was solely to have its validity determined on the final accounting of the executrix.

Such final accounting and judicial settlement might have been either voluntary on the part of the executrix under sections 261 and 262 of the Surrogate's Court Act, or involuntary under sections 258, 259 and 260. The executrix did not make a voluntary application, so that the latter sections alone are pertinent. Section 258 provides that a judicial settlement by an executor may be compelled by a creditor " where fifteen days have elapsed after the time in which to present claims has expired, or one year has expired since letters were issued to him."

It would seem that the intention of the Legislature reasonably inferable from this provision is that in cases where advertisement for claims is made, such proceeding may be instituted sixteen days after the last day for presentation, as specified in such notice,

and that where there is no advertisement, the application is maintainable after the expiration of one year from letters. This construction harmonizes the provisions of sections 258 and 261.

In the instant case, therefore, since the executrix advertised for presentation of claims on or before September 27, 1921, the present objector might have instituted a proceeding for a compulsory judicial settlement on October 13, 1921, if the foregoing construction of the statute is correct. Certainly she had such right on March 4, 1922, on the expiration of one year from the issuance of the letters on Alonzo's estate. As noted, her first move was on July 26, 1928, six years, nine months and thirteen days after the former date and six years, four months and twenty-two days after the latter.

Counsel for the objector contends that in any event the presentation of her rights is timely, in view of the intervening death of the executrix, maintaining that this event tolled the running of whichever statutory period may be applicable for at least a year. This position, however, overlooks the provisions of section 257 of the Surrogate's Court Act which continues the rights of all persons interested in an estate in the hands of a deceased executor against the latter's executor, who is placed exactly in the position of the deceased executor in respect to all matters here pertinent. Since, in the usual case, the statute is tolled only during such period as the remedy is suspended, it would seem to follow from the provisions of section 257 that the only period during which the running of the statute could be suspended would be the time between the death of the original executor and the grant of letters on his estate. In the instant case, Louisa died April 15, 1926, and letters on her estate were granted May 11, 1926, twenty-six days later, so that the most the objector could claim would be that the running of the statute was suspended for this period. This would still bring the objector well outside the six-year limit, and it is, therefore, necessary to consider what period of limitation is applicable in the instant case.

Some confusion respecting the rules of law applicable to cases of this nature has arisen from a failure clearly to differentiate between the various classes of rights and the differing classes of litigants before the courts in the considerable number of cases involving somewhat similar situations to that here presented.

Classified by results, the adjudications may roughly be divided into three groups:

*First.* Those holding that mere lapse of time, however great, will not bar the right to an accounting without a further showing;

*Second.* Those applying a ten-year period of limitation;

*Third.* Those deciding that the six-year statute applied.

In the first group may be included such cases as *Matter of Irvin* (68 App. Div. 158); *Matter of Meyer* (98 id. 7); *Matter of Ashheim* (111 id. 176) and *Matter of Watson* (163 id. 41).

In all of these cases the proceeding was brought by persons having a vested interest in the estate against the personal representative of a deceased executor who was either an express trustee or against whom a constructive trust was spelled out, and in each the courts held that the usual trust principle must prevail, that no Statute of Limitations will begin to run in favor of a trustee and against his *cestui que trust* until an express repudiation of the trust relationship by the trustee has been brought home to the *cestui que trust*, or until the trust has expired by limitation.

The second class of cases is represented by *Matter of Rogers* (153 N. Y. 316); *Matter of Lesser* (119 App. Div. 507) and *Matter of Lewis* (36 Misc. 741). (See, also, *Matter of Schlesinger*, 36 App. Div. 77; *Matter of Sargent*, 42 id. 301; *Matter of Longbotham*, 38 id. 607, and *Matter of Clark*, 119 N. Y. 427.)

In this class the ten-year statute is found applicable for the reason that the rights of the claimant are of purely equitable cognizance, *e. g.*, in the *Rogers* and *Lesser* cases the proceeding was by administrators *de bonis non* to compel an accounting and delivery over of unadministered assets. As the Court of Appeals says in the *Rogers* case (at p. 326): " We think that the nature of the relief afforded by the section under consideration is such as cannot be had in an action at law, and that only a court of equity and the Surrogate's Court have concurrent jurisdiction of the subject. Hence, this proceeding is controlled by the same Statute of Limitations that applies to suits in equity \* \* \*."

Finally, there is a long line of cases referred to in *Matter of Rogers* (*supra*, 322), of which *Matter of Barnes* (25 Misc. 279); *Matter of Boylan* (Id. 281) and *Libby* v. *Van Derzee* (80 App. Div. 494) are more or less typical examples. Concerning this class of cases, the Court of Appeals in the *Rogers Case* (*supra*) says (at p. 322): " It is well settled that as to legacies not charged upon land, distributive shares of an estate and debts owing by the decedent, the statutes of this State give a concurrent remedy to legatees, creditors and next of kin, in courts of law and equity and in the Surrogate's Court, and that as the Statute of Limitations is a bar at law it is also a bar in the Surrogate's Court or in a court of equity. (*McCartee* v. *Camel*, 1 Barb. Ch. 466; *Paff* v. *Kinney*, 1 Bradf. 5; *Smith* v. *Remington*, 42 Barb. 75; *Clock* v. *Chadeagne*, 10 Hun, 97; *House* v. *Agate*, 3 Redf. 307; *Clark* v. *Ford*, 1 Abb. Ct. App. Dec. 359; *Butler* v. *Johnson*, 111 N. Y. 204.) "

By way of summary, therefore, it may be said that the result

of the adjudications is, that where a clear trust relationship exists, no limitation will begin to run against the *cestui que trust* until he has received or is chargeable with notice of the termination or repudiation of the trust by the trustee; where a right is of purely equitable cognizance, the ten-year statute governs; and where a right is primarily legal, it will be barred at the end of six years after its accrual.

An elaborate review of decisions on this general subject is found in the opinion of Mr. Justice FINCH, writing for the Appellate Division, First Department, in *Keys* v. *Leopold* (213 App. Div. 760), and in the dissenting opinion of Mr. Justice MARTIN in the same case.

The application of the foregoing rules to the instant case is obvious. The objector was in no sense a *cestui que trust*, nor were her rights such as to have entitled her to seek their determination in a court of purely equitable jurisdiction. She had an ordinary claim at law and had she seen fit to exercise the option given her by section 211 of the Surrogate's Court Act to bring an action for its enforcement within three months, she could have insisted upon its determination by a jury. The fact that she failed to exercise this option in no way alters the nature of her claim, but merely amounts to a stipulation to the effect that her legal claim should be determined by the surrogate sitting as a court of law. To bring about such determination, it was obviously essential that one or the other party should move the matter for hearing. The executrix against whom the claim was asserted, like many another defendant or quasi-defendant, did not see fit to do so. The law gave the claimant a clear right to do this herself. She has sat by idly until after the expiration of the period within which the law permits such claims to be prosecuted, and her rights, if she ever had any, are now barred.

Since the matter may thus be determined upon the merits, it becomes unnecessary to decide whether this question could properly be raised by objection to the accounts of the executors in this estate, or whether it should have been raised by a direct petition for a compulsory accounting in the estate of Alonzo E. Deitz under the provisions of section 257 of the Surrogate's Court Act.

The objections of Louisa M. McClelland are, therefore, overruled.

It appears that there are other objections to the account herein filed by Henrietta Pine. These cannot be determined without a hearing.

Proceed accordingly.