In the Matter of the Estate of MAE ADELLA NUSSBAUM, Deceased.

Surrogate's Court, Kings County, February 6, 1936.

*William A. Dempsey*, for William C. Daly, as executor.

*Herman G. Wolin*, for Ferdinand Chambers, respondent on objections to account and applicant for taking of deposition of Perlee L. Chambers.

WINGATE, S.   Two applications are here submitted for the decision of this court.   The first is made by the executor to strike out the first and second objections of Ferdinand Chambers to the account, or in the alternative, that specified particulars relating to the second objection be furnished.   The second application is by Ferdinand Chambers for the taking of the deposition of Perlee L. Chambers, an alleged material witness, on the ground that he is approximately eighty-five years of age, is ill and infirm and has been confined to his bed for almost three years and will be unable to attend at the trial.

Aside from the fact that the respondent, Chambers, withdraws the objection to the account numbered first and consents that it be stricken out, both applications are contested.

So far as is discernible from the record, the basis of the remaining objections is found in the position that the decedent, Ferdinand Chambers, Anna H. Chambers, his mother, and another were copartners in a certain business venture, the assets of which were converted to her own use by the decedent.   In the lifetime of the decedent, Ferdinand instituted an action in the Supreme Court on his own behalf, against the decedent, for an accounting and other relief.   This action is still pending and undetermined and the executor has been substituted for the decedent as party defendant.   In this litigation, Perlee L. Chambers, the witness, the taking of whose deposition is now sought, was examined in like manner on the application of the defendant.

Anna H. Chambers has also died, and an administrator has been appointed for her estate.   Claims were filed by Ferdinand against the present estate both personally and in purported representation of his mother's estate.   Whereas the validity of the two claims is predicated on the same alleged state of facts, namely, the existence of the partnership, they are legally distinct, since the claimants are diverse legal persons.   (*Leonard* v. *Pierce*, 182 N. Y. 431, 432; *Pardee* v. *Mutual Benefit Life Insurance Co.*, 238 App. Div. 294, 296; *Matter of Davis*, FOLEY, S., 120 Misc. 457; *Matter of Ebbets*, 149 id. 260, 267 *et seq.*)

The position of the accountant in the present applications appears to be due to a misapprehension of the alternate remedies available to a claimant against an estate and to a failure to appreciate the legal distinction between the claims here made.

Any claimant whose demand has been rejected has two potential remedies available under section 211 of the Surrogate's Court Act. He may either institute an action in a court of general jurisdiction within three months from the date of the rejection (*Matter of Deitz,* 134 Misc. 393, 394; *Matter of Gellis,* 141 id. 432, 433), or may elect to litigate the issues in the Surrogate's Court upon the final accounting of the fiduciary. (*Matter of Deitz, supra,* p. 395.) A failure to pursue the former alternative, conclusively demonstrates the adoption of the latter.

Respecting his personal claim, Ferdinand, in effect, elected to adopt the former procedure, since he has continued to pursue the litigation which he instituted against the decedent prior to her death. The quantum of his rights against the estate in this regard, if any, must, therefore, be determined in the Supreme Court. This, however, does not render his objection to the present account bad. .By its interposition he merely says in effect that he objects to any judicial discharge of the accountant on the basis of a statement which does not take into consideration the pending litigation elsewhere. By such interposition he does not adopt the second alternative for determination afforded under section 211 of the Surrogate's Court Act but merely interposes a caveat against any judicial settlement until his rights have been adjudicated in the tribunal of his choice. As the litigation respecting the validity of the alleged right is, in this situation, not pending in this court, no action regarding it may be taken here. This applies to all steps therein, and thus precludes the allowance of a bill of particulars as here sought. If the particularization of the cause of action is not adequate for its fair adjudication in the tribunal before which it is pending, relief should there be sought in this regard. The application for a bill of particulars is, therefore, denied, since it does not pertain to any issues pending before this court for adjudication.

In respect to the similar but wholly distinct claim of the estate of Anna H. Chambers, the situation is wholly different. Here, Ferdinand, whose right to act on its behalf has not been challenged, has elected to adopt the second permissible alternative under section 211, and have the validity of the claim adjudicated by this court on a judicial settlement of the accounts of the executor. Were a particularization of this claim properly demandable, it would be granted, since the issues in this regard are triable here. This, however, has not been suggested. In the prosecution of the proceeding pending in this court, the petitioner is entitled to the advantages of all the assistance authorized by the pertinent provisions of law, including the taking of depositions under section 288 of the Civil Practice Act, and the fact that similar relief has been

accorded to legally diverse persons in another action before a different tribunal, is no reason for a denial of the right.

The allegations of the petition demonstrate that the witness whose deposition is sought " is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial." These statements are admitted. It follows that the petition for the taking of his testimony will be granted.

The first objection of Ferdinand Chambers stands withdrawn on his own stipulation. The application of the executor to strike out the second objection or, in the alternative, for a bill of particulars, is denied. The application of Ferdinand Chambers is granted.

Enter order on notice.